[Civ. No. 27119. Second Dist., Div. Four. Apr. 19, 1963.]

HILLEL CHODOS et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; EUGENE M. LOWE et al., Real Parties in Interest.

Hillel Chodos, in pro. per., for Petitioners.

No appearance for Respondent.

Moss, Lyon & Dunn, Frank C. Christl and Henry F. Walker for Real Parties in Interest.

KINGSLEY, J.—Petitioners (plaintiffs below) seek a writ of mandate to compel respondent court to set aside its order sustaining the objections of the real parties in interest (defendants Lowe) to certain requests for admissions made by petitioners.

The action below is one for an injunction and for damages alleged to have been caused to the property of plaintiffs as a result of a landslide occurring on February 11, 1962. The complaint alleges (and for the purpose of the present proceeding we take as true) that: The real property of plaintiffs is situated immediately to the north of the real property owned by the defendants (Lowes); the portion of defendants' property which starts at the dividing line between the two parcels and extends southerly from the property of plaintiffs consists of a steep uphill grade at an angle of approximately 65 per cent from the horizontal, rising to a height approximately 100 feet above the level of plaintiffs' property; a portion of this hill was created by filling a natural ravine; prior to the date of the landslide the said filled portion of defendants' hill was unstable and unsafe; on February 11, 1962, the filled portion of the hill became loosened

and slid down onto plaintiffs' property, depositing 100 tons of dirt, causing substantial damage (described in detail); as a further result of this slide, the value of plaintiffs' property has been diminished and will continue to be lower than it was prior to the slide, even after the damage from the slide has been repaired. The complaint is in four causes of action: the first alleges a nuisance; the second alleges negligent management and maintenance of the property by defendants; the third alleges negligence on the part of the original developers of the property before it was purchased by the Lowes; the fourth alleges that defendants' property is permanently unstable and subject to causing additional landslides unless properly stabilized, and seeks an injunction.

Plaintiffs duly filed requests for admission, pursuant to section 2033 of the Code of Civil Procedure. These requests were 61 in number. The Lowes responded to the request by admitting 11, denying 13, and objecting to the remainder. As to 12 of the unanswered requests including five requests involved in this proceeding,[1] the response was that the Lowes "cannot truthfully admit or deny as these defendants do not have independent information concerning these requests." As to 25 requests, including one involved in this proceeding,[2] the response was that the Lowes objected to the requests "on the grounds that the information would be hearsay, immaterial, calls for a conclusion and calls for an expert opinion, which defendants, Lowes, are unable to give, are not qualified to give, and further said requests are argumentative and harassing and annoying in form and content."

Plaintiffs duly moved for an order to compel the Lowes to either admit or deny the unanswered requests. After a hearing, and two applications to correct its order, the trial court ultimately granted the motion as to 12 of these requests; it sustained the objections to 9 requests, and allowed the Lowes to answer 6[3] by "refusing to admit or deny for want of personal knowledge at this time or at the time of purchase of the property." As to the remaining requests, plaintiffs were granted permission to reframe and resubmit them.

The six requests herein involved are as follows:

"7. That the contour of the Lowes' hill after it was filled, and prior to February 11, 1962, differed from the original natural contour of the land."

[1] Nos. 7, 8, 9, 10, 11.

[2] No. 41.

[3] Nos. 7, 8, 9, 10, 11, and 12.

"8. That at the time the fill was constructed, it was compacted to less than 80% of maximum density."

"9. That at the time the fill was constructed, it was compacted to less than 85% of maximum density."

"10. That at the time the fill was constructed, it was compacted to less than 90% of maximum density."

"11. That compaction to 90% or more of maximum density is a minimum requirement for the stability of a filled slope, of the angle of incline involved in the instant case, and composed of the soil used in constructing the fill in the instant case."

"41. That the Lowes' property in its present condition presents a greater probability of falling and sliding than it did prior to February 11, 1962."

I

Before proceeding to discussion of the principal legal issues, we observe that we can see no ground for objection to Request No. 7, once the Lowes had admitted, as they did, the truth of Request No. 6. Their response to that request was "that after the landslide occurred they learned that the land was constructed of fill and created by human agency." Request No. 7 might possibly have been objected to as cumulative; clearly it was not open to the objection of lack of knowledge.

II

The real issue between the parties, insofar as the remaining requests are concerned, arises out of the Lowes' contentions (a) that they should not be required to answer, under oath, as to matters not within their personal knowledge and (b) as to Nos. 11 and 41, that they call for an expert opinion as to engineering practice which the Lowes, as lay property owners, cannot express.

We think that the Lowes have misconstrued both the requirements of section 2033 and its purpose.

III

While section 2033 requires either an admission or a "sworn statement denying specifically the matters of which an admission is requested," this is no different from the requirement that allegations in a sworn pleading must be answered under oath. The section permits the party to "deny only a part or a qualification of a matter of which an admis-

sion is requested.'' He can answer stating that he has been ''informed and believes'' either the truth or falsity of the request and may verify his response in the traditional form of verification of such allegations.

## IV

The case is controlled by the decision of the Supreme Court in *Cembrook* v. *Superior Court* (1961) 56 Cal.2d 423 [15 Cal.Rptr. 127, 364 P.2d 303], where the court said (at p. 429): ''Most of the other discovery procedures are aimed primarily at assisting counsel to prepare for trial. Requests for admissions, on the other hand, are primarily aimed at setting at rest a triable issue so that it will not have to be tried. Thus, such requests, in a most definite manner, are aimed at expediting the trial. For this reason, the fact that the request is for the admission of a controversial matter, or one involving complex facts, or calls for an opinion, is of no moment. If the litigant is able to make the admission, the time for making it is during discovery procedures, and not at the trial.''

Section 2033 requires a party, if he does not admit or deny, to set forth ''in detail the reasons why he cannot truthfully admit or deny'' the matters involved. In the light of this statutory language, the validity of the Lowes' refusal to admit or deny the six requests herein involved and the propriety of the trial court's order sustaining such refusal must be judged solely by the reasons assigned by the Lowes in their ''response'' filed in the trial court — namely, as to Nos. 7, 8, 9, 10 and 11, that the Lowes had no ''independent information'' and, as to No. 41, that it called for an opinion. Neither of these grounds is tenable. (*Cembrook* v. *Superior Court, supra,* 56 Cal.2d 423.)

In the instant case, the declaration of plaintiffs' counsel, filed in connection with the hearing on the motion to compel an admission or a denial, set forth facts from which it may be inferred that the Lowes have available to them sources of information as to the matters involved. Neither these allegations nor the inference to be drawn therefrom are denied by the Lowes. Under these circumstances, it is neither unfair nor improper to require the Lowes to make such reasonable investigation as they may deem needed in order for them to determine now that, when the trial is held, they will, or they will not, dispute the matters involved. If the Lowes do not intend to contest any of these facts,

the statute requires them to say so now, by an admission (for the purpose of this suit only [§ 2033, subd. (b)]). ██ If they want to put plaintiffs to their proof, they may deny, risking, however, the possibility of being surcharged with costs if the plaintiffs ultimately prove the fact involved (§ 2034, subd. (c) ). ██ But this latter risk is a qualified one. Costs go against the party denying the request only if the trial court finds that ''there were no good reasons for the denial''; and it was held in *Haseltine* v. *Haseltine* (1962) 203 Cal.App.2d 48, 61 [21 Cal.Rptr. 238], that a serious and real contest as to the subject matter of a requested admission constituted ''good cause'' within the meaning of the statute.

Let a peremptory writ issue, directing the trial court to vacate its prior order with respect to Requests Nos. 7, 8, 9, 10, 11 and 41, and to order defendants Lowes to respond thereto either by admissions or by denials.

Burke, P. J., and Jefferson, J., concurred.