[Civ. No. 29649.   Second Dist., Div. Two.   Oct. 29, 1965.]

HARRY M. LINDGREN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; INES MARIA LINDGREN, Real Party in Interest.

Max E. Gilmore for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Myron W. Curzon for Real Party in Interest.

THE COURT.—Petition for writ of mandate to require respondent court to vacate its order striking petitioner's answers to a request for admissions of fact and to deny real party in interest's motion to compel further answers thereto.

Petitioner is the plaintiff in a divorce action pending in the superior court. Defendant wife, the real party in interest, took the deposition of Maria Guiglia who is a prospective witness for the husband. Deponent gave testimony which was very damaging to defendant, particularly testifying to statements of the wife which in effect constituted admissions that she committed adultery in Spain with Pierre Charlier. Guiglia testified that in 1964 she accompanied defendant on a trip to Madrid, Spain, and that they stayed in an apartment with Charlier for approximately two weeks at the end of which time she, Guiglia, left. When asked by defendant's counsel where she went after leaving the apartment, Guiglia replied, ''I went to a hotel called Legunitas.'' In response to a query concerning the address of the hotel, she answered, ''Legunitas, Avenida, you know, in Spanish, or avenue; Legunitas.''

On February 26, 1965, defendant served and filed a request for admissions which directed attention to the quoted portion of Guiglia's deposition and required petitioner to respond to the following requested admissions: ''a) during her trip to Madrid, Spain . . . Maria Guglia [sic] (1) did not go to a hotel 'called Legunitas'; (2) never stated [sic] at a hotel

'called Legunitas'. b) that in all Madrid, Spain, during 1964, there was no hotel 'called Legunitas'.'' On March 26, petitioner responded with a sworn statement as follows: ''I was not in Madrid, Spain, at any time during the year 1964 and it is, therefore, impossible for me to know whether or not Maria Guglia [*sic*] went to or stayed at a hotel called 'Legunitas' during her trip to Madrid, Spain . . . and since I was not in Spain in 1964, I have no way of knowing whether or not there was a hotel called 'Legunitas'.'' Thereafter, defendant moved to strike the response or to require further answers, indicating that the purpose of the request for admissions was to establish a basis for impeachment of Guiglia. On May 28, the trial court entered an order striking petitioner's answer and allowing petitioner to serve and file further responses, ''but without objections, after making 'such reasonable investigation as (he) may deem needed in order for (him) to determine now that, when the trial is held, (he) will, or (he) will not, dispute the matters involved.' (*Chodos* v. *Superior Court*, 215 Cal.App.2d 318, 323 [30 Cal.Rptr. 303].)''

On June 21, petitioner served and filed a further sworn statement or answer which contained argumentative matters but also stated: ''(a) . . . The fact is that I do not know and I have no means of ascertaining whether or not Maria Guiglia either went to or stayed at a hotel called 'Legunitas' during her trip to Spain except as I heard her testify and, therefore, I neither admit nor deny that she did or did not go or stayed at such hotel. . . . (b) I do not know and I refuse to go to the expense of finding out whether or not there was a hotel in Madrid, Spain during 1964 called 'Legunitas' and I further submit that this question calls for an answer which is wholly irrelevant to any of the issues involved herein.'' Defendant again moved to strike petitioner's answer, to dismiss petitioner's complaint or to require still further answers, and for attorney's fees. On July 14, respondent court made the challenged order striking petitioner's second answer, allowing him additional time to file a further response either admitting, denying, or setting forth '' 'in detail the reasons why he cannot truthfully admit or deny' the specific matters set forth in the request after making reasonable inquiry,'' and requiring petitioner and his attorney to pay $150 as attorney's fees reasonably incurred by defendant in obtaining the order. The present proceeding was thereupon commenced.

Petitioner contends that the trial court abused its discretion in making the challenged order of July 14, for the reasons that (1) the request for admissions was contrary to law, and (2) his answer or response complied with the law. Inasmuch as there is merit in the second reason assigned, it is unnecessary to consider the claimed impropriety of the request for admissions.

Section 2033 of the Code of Civil Procedure provides that a party may serve upon his opponent "a written request for the admission by the latter . . . of the truth of any relevant matters of fact," and that such matters shall be deemed admitted unless the party served with the request files and serves "either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. . . ." As previously indicated, petitioner made two attempts to avail himself of the second alternative expressly provided by the statute by setting forth reasons why he could not truthfully admit or deny the matters of fact involved in the request. ■ A party may not refuse to admit or deny matters set forth in a request for admissions of fact, however, merely because he lacks personal knowledge of those facts if the means of knowledge are reasonably within his power. In *Chodos* v. *Superior Court,* 215 Cal.App.2d 318 [30 Cal.Rptr. 303], it was held that lack of personal or independent knowledge of the facts did not alone justify refusal to admit or deny matters set forth in a request for admissions, that admissions or denials could be made on information and belief, and that a party without personal knowledge would be required to make a reasonable investigation to ascertain the facts when it affirmatively appeared that he had available to him sources of information as to the facts or matters involved in the request for admissions.

In light of the foregoing rules, petitioner's first response which neither admitted nor denied the matters set forth in the request but purported to state the reasons why he could do neither was probably deficient. It did not clearly or unequivocally appear therefrom that petitioner lacked knowledge necessary to enable him to admit or deny the requests, and there was no express disclaimer even of personal knowledge. The fact that petitioner was not in Madrid in 1964 would make it impossible for him to have personal or inde-

pendent knowledge as to whether Guiglia went to or stayed at a hotel called "Legunitas," but it did not follow therefrom that he possessed no knowledge or information on the subject from other sources. His disclaimer of the means of ascertaining the facts being limited to only a part of the request, an inference might exist that he had available sources of information or means of obtaining knowledge with reference to the remainder of the request.

Whatever deficiencies may have existed in petitioner's first response, however, there was no deficiency in his second response. That statement contained an express and unequivocal disclaimer of knowledge concerning the facts or matters involved in all portions of the request for admissions. The disclaimer was not limited to lack of personal knowledge, and, consequently, was not subject to an inference that petitioner had knowledge or information from other sources. In addition, the second response expressly stated that petitioner had no means of ascertaining whether or not Guiglia went to or stayed at a hotel called "Legunitas." No facts or circumstances appear in the record which controverted or cast serious doubt on petitioner's disclaimer of knowledge or disclaimer of means of knowledge.

In concluding that petitioner's second sworn statement or response did not comply with the requirements of section 2033 of the Code of Civil Procedure, the trial court relied upon *Chodos* v. *Superior Court, supra,* which is readily distinguishable. In *Chodos* the request for admissions involved facts or matters relating to real property owned by the party to whom the request was addressed, and, accordingly, it might be assumed or inferred from the nature of the request that he had knowledge of those facts or matters. The answer or response of the defendant owner did not disclaim all knowledge but only personal knowledge, from which it could be inferred that he had knowledge or information from other sources. Moreover, a declaration filed by the proponent therein set forth facts from which it could be inferred that the defendant had available to him sources of information as to the matters involved, and neither the facts nor inferences to be drawn therefrom were denied by the defendant. In the present case, on the other hand, neither the nature of the request, the phraseology of petitioner's response, nor the declaration filed by the proponent gave rise to any inference that petitioner possessed the requisite knowledge or means of information to admit or deny the request for admissions. Here, the request related to the conduct of a third person, who may have been a complete

stranger to petitioner, outside of petitioner's presence and, in fact, outside the country. As already noted, the disclaimer of knowledge set forth in petitioner's second response was complete and unequivocal. Finally, the declaration filed by proponent's counsel in the present case was devoid of facts which showed or from which it could be inferred that petitioner had available sources of information, and, had such facts or inferences been present, they would have been denied by petitioner's express disclaimer of the means of ascertaining the facts involved in the request.

Defendant argues that the declaration filed by her counsel showed that petitioner had previously employed private investigators in Spain in connection with or in contemplation of the pending divorce action, and that, accordingly, it could be inferred that he had sources of information available to him and the means to make further investigation. As pointed out above, the inference that he had available sources of information was denied by petitioner. Moreover, it was dispelled by the fact that the results of the previous investigation or report thereof received by petitioner, which appears in the record, contained no information concerning the activities or conduct of Guiglia. ▆▆▆ Clearly it would be unreasonable to require petitioner to employ investigators in Spain in order to obtain information which would enable him to admit or deny the matters involved in the request for admissions. ▆▆▆ As stated in *Ryan* v. *Superior Court,* 186 Cal.App.2d 813, 819 [9 Cal. Rptr. 147], the discovery act "does not require one party to, at his expense, prepare the case of his opponent."

▆▆▆ It is true that petitioner's second response contained the statement that he refused to go to the expense of finding out whether or not there was a hotel in Madrid called "Legunitas." That statement might be interpreted as a defiance of the court, or a lack of understanding by petitioner of his obligations in connection with requests for admissions. However, in view of the record, we accept the view that petitioner meant thereby that he would not go to the expense of employing investigators in Spain, which we hold he was not required to do. ▆▆▆ In the absence of any contrary showing, the trial court under the circumstances of this case should have accepted petitioner's sworn statement of reasons why he could not truthfully admit or deny the matters set forth in the request for admissions. (Code Civ. Proc., § 2033, subd. (a).)

Let a peremptory writ of mandate issue directing respondent court to vacate its order striking petitioner's second response to the request for admissions and to deny real party in interest's motion to compel further answers thereto.