[No. A022412. First Dist., Div. Four. Mar. 31, 1986.]

STEVE J. BROOKS, Plaintiff and Appellant, v.
AMERICAN BROADCASTING COMPANY et al.,
Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

*Parts IIIA, IIIB and IIID are not published because they do not meet the standards for publication contained in California Rules of Court, rule 976(b).

502

**COUNSEL**

Ozro William Childs for Plaintiff and Appellant.

Robert T. Lynch, James Parton III and Lynch, Loofbourrow, Helmenstine, Gilardi & Grummer for Defendants and Appellants.

**OPINION**

**SABRAW, J.**—Plaintiff Steven Brooks appeals from a judgment entered on a jury verdict against him in his action for personal injury damages and in favor of defendants American Broadcasting Company (ABC) and Norman Honath. He raises issues related to (1) the admission into evidence of a visibility study created by a defense expert, (2) a jury instruction on causation and (3) the court's award of $16,395.03 as defendants' reasonable expenses of proving a disputed fact which Brooks denied in response to a request for admission. Defendants cross-appeal from the judgment and raise

error regarding orders of the court taxing their costs and denying, in part, their motion to have plaintiff pay expenses incurred in proving another fact which plaintiff refused to admit during discovery. We conclude that none of the contentions raised by the parties have merit and affirm.

## I. THE ACCIDENT

Brooks's action arose out of injuries he suffered in a motor vehicle accident involving a truck/semitrailer rig he was driving. Defendant Honath was the driver of a bus which went past Brooks's rig at the time of the accident. Honath was employed by ABC and he was acting within the course and scope of his employment at the time of the accident.

The accident occurred at 4:15 a.m. while it was still totally dark. At the time, Brooks was working for his employer, S.O.L Trucking, and was driving his loaded truck/semitrailer rig eastbound towards Calistoga on the Petrified Forest Road in Napa County. He was accompanied by his uncle, William Watkins. Brooks's parents and sister Alice were following behind his truck in a car.

On the day of the accident, the brakes of the truck were not in proper operating condition and this fact would have been known to Brooks if he had adequately inspected them before he commenced his journey. Because of the defective brakes, Brooks was having a difficult time controlling the rig. As he approached a downhill 90-degree curve to his left at a speed well in excess of that which would permit safe passage, the bus being driven by Honath came around the curve headed in the opposite direction (uphill). Although Brooks contended at trial that the bus was over the centerline of the road and in his lane at the time he first saw its headlights, thus causing him to swerve in order to avoid a head-on crash, the jury implicitly found that it was Brooks's rig, not the bus, which was over the centerline and out of its lane.

Even though there was no collision with the bus, Brooks was unable to keep his rig on the road and it crashed into a tree after it left the highway. Sensing the crash behind him, Honath pulled the bus over and he and his passengers went back to render aid. At the scene of the crash, the posted speed limit was 15 miles per hour. Defendants' expert estimated the speed of the truck at over 41 miles per hour; the California Highway Patrol estimated the speed at over 51 miles per hour. Brooks was rendered unconscious in the crash and later remembered little about the accident except that it had looked to him as if there would be a head-on collision. Mr. Watkins died from injuries sustained in the accident; Brooks suffered serious

injuries including loss of half of the sight in his left eye and almost all of the sight in his right eye.

## II. Procedural History

Honath and ABC were sued by both Brooks and his sister Alice who alleged that the bus had caused the accident by being on the wrong side of the highway centerline. They also named Berkeley Farms, Inc., which owned the semitrailer Brooks was pulling, as a defendant.[1] The heirs of Mr. Watkins (the Watkins plaintiffs) brought a separate action against the same parties and also named Brooks's employer, S.O.L. Trucking, as a defendant. The two actions were consolidated prior to trial.

The Watkins plaintiffs settled with S.O.L. Trucking before trial, thereby removing it as a party; all plaintiffs settled with Berkeley Farms at the same time. When those settlements occurred, Honath and ABC sent plaintiffs two separate settlement offers of $7,500 in an effort to comply with Code of Civil Procedure section 998,[2] one to the Watkins plaintiffs as a group and one to the two Brookses. The Watkins plaintiffs later accepted the 998 offer made to them ending their action, but the Brookses refused to accept the offer they received.

Alice Brooks died prior to trial from causes unrelated to the accident and her claim was dismissed in exchange for a waiver of costs limited to her only. Thus, the only claims tried to the jury were those of Steven Brooks against Honath and ABC. During trial, the court admitted into evidence over Brooks's objection a visibility study prepared by a defense expert. Among other things, the court admitted photographs and films taken during a nighttime re-creation of the circumstances of the accident. The re-creation was done with the bus which Honath drove on the night of the accident and a substitute for the wrecked truck rig.

On the issue of causation, Brooks requested that the court instruct the jury in the language of BAJI No. 3.76 (legal cause). Instead, the court gave BAJI No. 3.75 (proximate cause) requested by defendants. By a 9-3 vote, the jury returned a special verdict finding that defendants were not negligent, thus ending their deliberations.

After trial, defendants filed a memorandum of costs seeking in excess of $35,000, relying on their $7,500 settlement offer Brooks had refused to

---

[1] The nature of Alice Brooks's claims is not clear because the complaint was not made part of the record.

[2] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

accept. Brooks successfully moved to tax costs, asserting that defendants' section 998 offer had been improper; costs were allowed in the amount of $5,196.08.

Defendants then moved pursuant to section 2034, subdivision (c), for an order awarding them their reasonable expenses, including many the court had just refused to allow as costs, in proving certain facts which Brooks had refused to admit in response to two pretrial requests for admission. Because the trial judge had retired, another judge heard the motion. The court granted defendants' motion as to request for admission No. 140 and awarded defendants $16,395.03 incurred in proving that Brooks's rig was zero to two feet in the westbound lane of the highway at the point one hundred sixty-two feet from its final point of rest. However, the court denied defendants' request for their expenses of proving that the bus was not in any part of the eastbound lane of the highway when Brooks first saw its headlights, a fact Brooks had denied in response to defendants' request for admission No. 51.

### III. ANALYSIS

A. *The Visibility Study*

. . . . . . . . . . . . . . . . . . . . . . . . . *

C. *The Award of Reasonable Expenses as to Request for Admission No. 140.*

Brooks contends that the trial court erred when it awarded defendants $16,915.38 pursuant to section 2034, subdivision (c),[4] as their reasonable expenses of establishing that Brooks's truck was over the centerline of the highway at a point 162 feet from its final resting place (a spot at or near the curve in the road), a fact he had denied in response to defendants' request for admission No. 140. In Brooks's view, the award of expenses was improper because he had good reasons for his denial and because the request for admission was not "of substantial importance" as required by section

---

*See footnote, *ante,* page 500.

[4]Section 2034, subdivision (c), provides: "If a party, after being served with a request under Section 2033 to admit the genuineness of any documents or the truth of any matters of fact, serves a sworn denial thereof and if the party requesting the admissions thereafter proves the genuineness of any document or the truth of any matter of fact, he may apply to the court in the same action for an order requiring the other party to pay him or her the reasonable expenses incurred in making the proof, including reasonable attorney's fees. If the court finds that there were no good reasons for the denial and that the admissions sought were of substantial importance, the order shall be made."

2034, subdivision (c). As we next explain, we disagree with his arguments and conclusions.

■ The determination of whether "there were no good reasons for the denial," whether the requested admission was "of substantial importance," and the amount of expenses to be awarded, if any, are all within the sound discretion of the trial court. (*Haseltine* v. *Haseltine* (1962) 203 Cal.App.2d 48, 60 [21 Cal.Rptr. 238].) By contrast, if the trial court exercises its discretion and determines that the requirements of the statute exist, reasonable expenses *must* be awarded. (§ 2034, subd. (c).) On appeal, the trial court's decision will not be reversed unless the appellant demonstrates that the lower court abused its discretion.

Although requests for admissions are a widely used discovery device, there are few published decisions dealing with the propriety of section 2034, subdivision (c), sanctions awards. This circumstance is probably because so few requests for sanctions are made and even fewer granted. (See, e.g., Weil & Brown, Civil Procedure Before Trial (1985) Discovery, ch. 8, § 8.888 ["Fee requests under [Code Civ. Proc.] § 2043(c) are one of the most potent discovery weapons, and yet they are rarely used . . . . But in view of the tendency of many lawyers to deny [requests for admissions] out of hand, fee requests under § 2034(c) could be made far more frequently than they are!"].) In fact, there appear to be no published California decisions which interpret the meaning of the statutory requirement that the denied admission be "of substantial importance." (Accord, Cal. Civil Discovery Practice (Cont.Ed.Bar. 1975) p. 135; Hogan, Modern Cal. Discovery (3d ed. 1981) § 9.14, p. 171.) Thus, plaintiff's contentions that he had good reasons for denying request for admission No. 140 and that, in any event, it was not "of substantial importance," place the meaning of those statutory elements directly before us.

The language of section 2034, subdivision (c), offers little guidance for determining when "there were no good reasons for the denial" and when the request for admission was "of substantial importance." With the exception of several minor, nonsubstantive language revisions, section 2034, subdivision (c), has remained the same since it was enacted as part of the Discovery Act in 1957. (Stats. 1957, ch. 1904, § 3, p. 3336.) We have found nothing in the legislative history of section 2034, subdivision (c) which gives additional meaning to the two phrases in question. However, section 2034, subdivision (c), was derived from former rule 37(c) of the Federal Rules of Civil Procedure (before it was amended in 1970). In such circumstances, it is appropriate for us to look not only at the purposes of the statutory enactment, but to also look to federal court decisions interpreting the parallel provisions of rule 37(c) in order to identify the factors

a trial court may properly consider in assessing the propriety of awarding sanctions pursuant to section 2034, subdivision (c).

■ The primary purpose of requests for admissions is to set at rest triable issues so that they will not have to be tried; they are aimed at expediting trial. (*Cembrook* v. *Superior Court* (1961) 56 Cal.2d 423, 429 [15 Cal.Rptr. 127, 364 P.2d 303].) The basis for imposing sanctions under section 2034, subdivision (c), is directly related to that purpose. Unlike other discovery sanctions, an award of expenses pursuant to section 2034, subdivision (c), is not a penalty. Instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission where the admission sought was "of substantial importance" (§ 2034, subd. (c); *Hillman* v. *Stults* (1968) 263 Cal.App.2d 848, 884 [70 Cal.Rptr. 295]) such that trial would have been expedited or shortened if the request had been admitted.

■ We first consider the factors which may properly be considered in determining whether a requested admission is "of substantial importance." Federal courts considering the issue have generally found a request for admission to have been of substantial importance when the matter requested for admission was central to disposition of the case. (See *Campbell* v. *Spectrum Automation Co.* (6th Cir. 1979) 601 F.2d 246, 253 ["The admission sought . . . was clearly of substantial importance since it was dispositive of [plaintiff's] claim . . . ."]; *Bradshaw* v. *Thompson* (6th Cir. 1972) 454 F.2d 75, 81; *Boyle* v. *Leviton Mfg. Co.* (S.D. Ind. 1981) 94 F.R.D. 33, 36 ["[T]he requested admissions were dispositive of the lawsuit as indicated by the summary judgment."].) We agree with this view. Although circumstances may occur in some future case where a request for admission might be of substantial importance even though it is not at least partially outcome determinative, as a general rule a request for admission should have at least some direct relationship to one of the central issues in the case, i.e., an issue which, if not proven, would have altered the results in the case.[5]

■ In determining whether a party had "no good reasons for the denial" of a request for admission found to have been "of substantial importance," there are a variety of factors which a court should consider. First, even though it may be later determined that the request for admission was of substantial importance, at the time the request was denied the party making the denial may have reasonably viewed the subject matter of the requested admission to have been relatively trivial in light of the central issues as then

---

[5]Because a nonprevailing party may also recover expenses pursuant to section 2034, subdivision (c), it is important to recognize that the fact in question need not have been one which would have altered determination of the ultimate issues.

developed by the parties. Thus, a court should assess whether *at the time the request was denied* it was reasonably possible for the party making the denial to have appreciated that the requested admission involved a central issue (as defined above) in the case.

■ A party responding to requests for admissions has a duty to make a reasonable investigation to ascertain the facts even though the party has no personal knowledge of the matter when the party has available sources of information as to the matters involved in such requests for admissions. (*Lindgren* v. *Superior Court* (1965) 237 Cal.App.2d 743, 746 [47 Cal.Rptr. 298], citing *Chodos* v. *Superior Court* (1963) 215 Cal.App.2d 318, 323 [30 Cal.Rptr. 303].) Thus, if a party denies a request for admission (of substantial importance) in circumstances where the party lacked personal knowledge but had available sources of information and failed to make a reasonable investigation to ascertain the facts, such failure will justify an award of expenses under section 2034, subdivision (c).

■ The degree to which the party making the denial has attempted in good faith to reach a reasonable resolution of the matters involved is also an appropriate factor to be weighed. For example, in at least two federal cases the parties making denials of requests for admission had offered to stipulate to the matters requested under reasonable conditions, but the parties propounding the requests had refused the proffered stipulations. In those circumstances, it was later held that there had been good reasons for the denials. (*Pearce* v. *General Am. Life Ins. Co.* (8th Cir. 1980) 637 F.2d 536, 544; *Breffort* v. *I Had A Ball Company* (S.D.N.Y. 1967) 271 F.Supp. 623, 629.) We agree that this is an appropriate factor to be considered. (Cf. Cal. Rules of Court, rule 339 [duty of counsel to make reasonable efforts to resolve disputed discovery issues with opposing counsel].)

■ Sometimes a party justifiably denies a request for admission based upon the information available at the time of the denial, but later learns of additional facts or acquires information which would have called for the request to be admitted if the information had been known at the time of the denial. If such a party thereafter advises the party that propounded the request for admission that the denial was in error or should be modified, a court should consider this factor in assessing whether there were no good reasons for the denial.[6] (See *Garrison* v. *Warner Brothers Pictures* (9th Cir. 1955) 226 F.2d 354, 356.) On the other hand, if a party in such circumstances stands on the initial denial and then fails to contest the issue at trial,

---

[6]Of course, a party need not be permitted to escape all responsibility for the expenses of an opponent, simply because a denial was changed to an admission before trial. In such a circumstance, the time saved at trial by having the fact admitted may justify an appropriate reduction of the amount of expenses, if any, awarded after trial.

a court would be well justified in finding that there had been no good reasons for the denial, thus mandating the imposition of sanctions.[7]

■ Finally, in considering this issue, a court may properly consider whether at the time the denial was made the party making the denial held a reasonably entertained good faith belief that the party would prevail on the issue at trial. (Cf. Fed. Rules Civ. Proc., rule 37(c).) In this regard, we disagree with the suggestion in *Haseltine* v. *Haseltine, supra,* 203 Cal.App.2d 48, 61, that it is enough for the party making the denial to "hotly contest" the issue. In our view, there must be some reasonable basis for contesting the issue in question before sanctions can be avoided.

In our analysis, we have not attempted to absolutely define and limit the factors which may properly be considered by a trial court in applying the requirements of section 2034, subdivision (c). Instead, we have attempted to set forth general rules and guidelines which should be considered in exercising discretion under section 2034, subdivision (c), while at the same time providing some measure of guidance and certainty to counsel and litigants when they assess their options in the face of requests for admissions and requests for expenses pursuant to section 2034, subdivision (c).

■ Applying the factors we have identified to the circumstances before us, it is apparent that the trial court's award of sanctions was both proper and mandated. Here, at the time that Brooks denied defendants' request for admission No. 140, it was readily apparent that the subject matter of the request was "of substantial importance." Brooks argues that because the request for admission asked him to admit that his truck was zero to two feet over the centerline of the road, he was being asked to admit that his truck had been as little as a fraction of an inch over the centerline, a situation he contends could not have been of any significance. However, in making this argument, Brooks refuses to acknowledge that the circumstance of his truck being only slightly over the centerline might have caused him to perceive that it was the bus driven by defendant Honath and not his truck which was in the wrong lane. In view of Brooks's fundamental assertion that the accident was caused when he was forced to swerve in order to miss the oncoming bus, request No. 140 was dispositive of a central issue in the case—

[7]Unlike the Federal Rules of Civil Procedure, the question of the duty to supplement discovery requests in California is still open (cf. Grossmon & Van Alstyne, 14 Cal. Practice, Discovery (1972) §§ 472-473, pp. 523-527), as is the issue of a court's authority to permit modification of a response to a request for admission. (See De Meo, Cal. Deposition and Discovery Practice (1985) ¶ 12.01(22), p. 12.01-42). As we have already noted, the primary purpose of requests for admissions is to expedite trial. In view of that purpose, we are aware of nothing which should preclude a court from permitting a party to modify a previous response to a request for admission, particularly if the modification will expedite trial. However, we leave resolution of that issue for a future case.

whether the truck was in its own lane at the time the accident occurred. On the facts of this case, the trial court was well within its discretion in determining that the requested admission was of substantial importance.

After considering the range of factors we have outlined in the context of good reasons for denial of a request for admission, we find none present here. Request for admission No. 140 was denied long after the Highway Patrol had prepared its report which concluded that Brooks's truck had to have been over the centerline of the road based on the tire marks it had made on the pavement. The declaration supports the inference that Brooks's counsel did not even bother to contact the law enforcement officers who prepared the report because he "assumed" the report was ambiguous. Finally, counsel admitted that he chose not to contest the issue at trial. Under these circumstances, the trial court appropriately determined that there were no good reasons for the denial.

In a last shot at the award of expenses, Brooks argues that they were not incurred in proving the truth of the denied admission. He characterizes the claim as a windfall by which defendants sought to recover costs they would have expended in any event because the accident reconstruction had already been arranged at the time request for admission No. 140 was denied. The trial court considered this factor in making its award and granted defendants only one-quarter of the expenses they incurred. We are not prepared to overturn its assessment.

Having properly exercised its discretion and determined that the requirements of section 2034, subdivision (c), had been met, the trial court was required to award defendants their reasonable expenses. It did so and we find no abuse of discretion. The sanctions were properly awarded.

D. *The Taxing of Defendant's Costs*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .*

E. *The Denial of Expenses Regarding Request for Admission No. 52*

Defendants assert that the court erred in denying their request to receive the balance of the $65,915.38 in expenses they incurred in filming the accident reconstruction which was also used to prove that Honath's bus was not over the centerline when Brooks first saw its headlights, a fact Brooks denied in response to defendants' request for admission No. 51. As in the case of request for admission No. 140, this request was clearly of substantial importance. However, we conclude that Brooks had a sufficiently

---

*See footnote, *ante,* page 500.

good reason to deny request No. 51. Brooks's father testified that he saw the bus over the centerline from the point where it came around the curve until the point where Brooks's truck began to go off the road. Expenses of proving disputed facts which an opposing party denies in response to a request for admission are not recoverable simply because the party promulgating the request prevails at trial. In this instance, Brooks had a reasonable basis, the anticipated testimony of his father, for denying this request for admission—one which went to the very heart of his action. We are not prepared to overturn the trial court's determination that the expected testimony of Brooks's father was a good reason for denying the request. In reaching this conclusion, we find the circumstances to be significantly different from those involved in Brooks's denial of defendants' request for admission No. 140 where the fact in question was established by the highway patrol report, where Brooks's counsel failed to make a reasonable inquiry about the conclusions in the report and where Brooks's counsel did not dispute the fact at trial.

The judgment is affirmed. The parties shall bear their own costs on appeal.

Anderson, P. J., and Poché, J., concurred.