[No. A028009. First Dist., Div. Three. Apr. 30, 1986.]

HELEN STEELE, Plaintiff and Appellant, v.
RAYMOND TOTAH et al., Defendants and Respondents.

**COUNSEL**

Jonathan McCurdy and Steven A. Schectman for Plaintiff and Appellant.

Lynch, Loofbourrow, Helmenstine, Gilardi & Grummer, James Parton III and Phillip David Wool for Defendants and Respondents.

**OPINION**

**WHITE, P. J.**—Plaintiff and appellant Helen Steele appeals from the judgment of the Superior Court for the City and County of San Francisco entered after the motion for summary judgment of defendants and respondents Raymond Totah and Angelo Mazza was granted. We affirm.

I

Helen Steele is 84 years old and currently resides in San Mateo County. Formerly, she was lessee of an apartment in San Francisco owned by respondents. She brought suit against respondents for breach of implied warranty of habitability, both in contract and tort; negligent violation of statutory duty; breach of the covenant of quiet enjoyment; constructive eviction; wrongful eviction; nuisance; intentional infliction of emotional distress; and negligent infliction of emotional distress.

On February 6, 1984, respondents served appellant with respondents' requests for admissions pursuant to Code of Civil Procedure section 2033.[1] Responses to the requests for admissions were timely received on March 6, 1984, but were verified by appellant's counsel rather than by appellant herself.

On March 14, 1984, appellant was properly served with a notice that the requests were deemed admitted because the responses were not properly verified. In addition, respondents' counsel sent an explanatory letter stating the reasons why the attorney-verified responses were improper and offering to waive the notice that the matters were deemed admitted if appellant

---

[1] Unless otherwise stated, all references are to the Code of Civil Procedure.

herself would provide verification. In a letter, appellant's counsel stated that attorney-verified responses were correct because appellant did not reside in the county where he had his office. He therefore refused to comply with respondents' request.

Respondents then filed a motion for summary judgment. The motion was based primarily on respondents' contention that the matters of which admissions were requested had been deemed admitted because the verification was defective; hence, the appellant's statements were tantamount to no response. (See *Zorro Inv. Co.* v. *Great Pacific Securities Corp.* (1977) 69 Cal.App.3d 907, 914 [138 Cal.Rptr. 410].) Thus, there remained no triable issues of fact (§ 437c). Appellant's only opposition to the motion for summary judgment was that attorney verification was proper, that the requests were therefore not deemed admitted, and thus there remained triable issues of fact. The motion for summary judgment was granted and judgment for respondents entered on June 18, 1984. A timely appeal followed.

On appeal, appellant raises the following issues: (1) attorney verification of the response to requests for admissions was sufficient to avoid the deeming of admission; (2) the section 2033, subdivision (a), warning regarding failure to admit or deny was not located at the end of the request as required by statute; and (3) respondents should have applied for relief under section 2034 for answers not in compliance with section 2033.

## II

Before considering each of appellant's contentions, it is necessary to delineate the appellate court's scope of review of summary judgments. A summary judgment is proper only if there is no triable issue of fact and, as a matter of law, the moving party is entitled to judgment (§ 437c). ■ In reviewing a summary judgment, we are limited to the facts shown in the affidavits and those admitted and uncontested in the pleadings. We determine only whether the facts so shown give rise to a triable issue of fact. Moreover, the moving party's papers are strictly construed, while those of the opposing party are liberally construed. ■ A summary judgment is a drastic procedure to be used with caution, and doubts as to the propriety of granting the motion are resolved in favor of the party opposing the motion. (*Garcia* v. *Wetzel* (1984) 159 Cal.App.3d 1093, 1095-1096 [206 Cal.Rptr. 251] citing *Corwin* v. *Los Angeles Newspaper Service Bureau, Inc.* (1971) 4 Cal.3d 842, 851-852 [94 Cal.Rptr. 785, 484 P.2d 953].)

## III

■ Appellant argues that attorney verification of responses to requests for admissions is sufficient. The trial court, relying on *DeCamp* v. *First*

*Kensington Corp.* (1978) 83 Cal.App.3d 268 [147 Cal.Rptr. 869], disagreed. *DeCamp* held that attorney verification of an *answer* in response to a verified complaint on the basis that the party was absent from the county was inadequate when there was no inability on the party's part to make the verification. (*DeCamp, supra,* at pp. 274-275.) Appellant claims that *DeCamp* is not controlling because, in that case, the party's absence from the county was contrived in order to circumvent the court's requirement for verification. (*Id.,* at p. 275.) In the instant case, the court assumed good faith on the appellant's part.

We find it unnecessary to rely on *DeCamp, supra,* 83 Cal.App.3d 268, to decide that attorney verification of requests for admissions under section 2033 is insufficient. Rather, the plain statutory language of section 2033 compels the conclusion that a party, and not the attorney, must verify requests for admissions.

Section 2033, subdivision (a), states in pertinent part: "Each of the matters of which an admission is requested shall be deemed admitted . . . unless . . . the *party* to whom the request is directed files and serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why the *party* cannot truthfully admit or deny those matters. . . ." (Italics added).

The parties to an action are determined by the pleadings. While the terms "party" may have various meanings in different contexts, it basically means the plaintiff or the defendant. (48 Cal.Jur.3d, Parties, §§ 1, 20, pp. 83, 106.) Thus, an attorney is not a party able to verify section 2033 requests.

Appellant argues, however, that section 446 alters the requirement of verification by a party. Section 446 permits a *pleading* to be verified by the attorney when the party is out of the county where the attorney has his or her office or when the party is otherwise unable to verify the pleading. Appellant relies on language in *Chodos* v. *Superior Court* (1963) 215 Cal.App.2d 318 [30 Cal.Rptr. 303], to support the position that section 446 applies to requests for admissions. In *Chodos,* the court compared the "sworn statement" requirement of section 2033 to the requirement that allegations in a sworn pleading must be answered under oath. (*Chodos, supra,* at p. 322.) The court stated that the party "may verify his response in the traditional form of verification of such allegations." (*Id.,* at p. 323.)

We are not convinced that this language means as appellant suggests, that an attorney may verify section 2033 requests. Rather, the more plausible explanation is that the language refers to the fourth paragraph of section

446, which states that: "A person verifying a pleading need not swear to the truth or his or her belief in the truth of the matters stated therein but may, instead, assert the truth or his or her belief in the truth of those matters 'under penalty of perjury.'" That is, the language appellant relies on in *Chodos* refers to the permissible form of verification, not the permissible parties.

Appellant's reliance on *Chodos, supra,* 215 Cal.App.2d 318, is further misplaced. Section 446 specifically states that in cases where the attorney verifies the pleadings, "the pleadings shall not otherwise be considered as an affidavit or declaration establishing the facts therein alleged." This language was added after the *Chodos* decision. (Stats. 1963, ch. 732, § 1, p. 1743.) Because a central purpose of a sworn statement under section 2033 is to unequivocally establish those matters admitted in the response, section 446, allowing for attorney verification of pleadings in certain instances, cannot apply to section 2033 requests for admissions.

### IV

Section 2033, subdivision (a), provides in part that requests for admissions will be deemed admitted, if certain time limits are not met, provided that the original request contained substantially the following words at the end thereof: "'If you fail to comply with the provisions of Section 2033 of the Code of Civil Procedure with respect to this request for admissions, each of the matters of which an admission is requested will be deemed admitted. . . .'" Appellant, relying on *Hansen* v. *Superior Court* (1983) 149 Cal.App.3d 823 [197 Cal.Rptr. 175] and *Hernandez* v. *Temple* (1983) 142 Cal.App.3d 286 [190 Cal.Rptr. 853], argues that the requests cannot be deemed admitted because the caveat required by the section did not appear "at the end" of the request. Rather, the warning appeared as the last sentence of a paragraph on page two of a three-page introductory section, which was followed by twelve pages of thirty-seven requests for admissions and one interrogatory.

We note that appellant has raised the issue of the warning language placement for the first time on appeal, despite the opportunity to address this issue in the lower court. Generally, issues not presented to the trial court are deemed waived. "An appellate court will ordinarily not consider procedural defects or erroneous rulings in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method. [Citations.] [¶] The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver. . . . Often, however, the explanation is simply that it is *unfair to the trial judge*

*and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 311, p. 321 (italics in the original); see also *Royster* v. *Montanez* (1982) 134 Cal.App.3d 362, 367 [184 Cal.Rptr. 560].)

 Appellant asserts that the appellate court may consider this issue because a change in theory is permitted on appeal when only a question of law is presented on the facts appearing in the record. Appellant relies on *Ward* v. *Taggart* (1959) 51 Cal.2d 736, 742 [336 P.2d 534]; *In re Marriage of Becker* (1984) 161 Cal.App.3d 65, 75 at fn. 3 [207 Cal.Rptr. 392]; *Martin* v. *Kehl* (1983) 145 Cal.App.3d 228, 239 [193 Cal.Rptr. 312], to support her contention. However, these cases go on to state that a new theory on appeal will not be allowed if it " " "contemplates a factual situation the consequences of which are open to controversy and were not put in issue or presented at the trial." " " (*Martin* v. *Kehl, supra,* 145 Cal.App.3d at p. 239, citing *Ward* v. *Taggart, supra,* 51 Cal.2d at p. 742.) Apparently, appellant believes that the location of the warning language is solely a matter of law. We disagree.

A split of authority exists as to the proper location of the warning language and the effect of improper placement. One line of cases holds that section 2033 is satisfied when the warning is placed at the very end of the requests for admissions. (*Mutual Mortgage Co.* v. *Avis* (1986) 176 Cal.App.3d 799, 806 [222 Cal.Rptr. 342]; *Freshman, Mulvaney, Comsky, Kahan & Deutsch* v. *Superior Court* (1985) 173 Cal.App.3d 223, 231 [218 Cal.Rptr. 533]; *Barnett* v. *American-Cal Medical Services* (1984) 156 Cal.App.3d 260, 264-265 [202 Cal.Rptr. 735].) Opposing this view are cases which hold that section 2033 is satisfied when the warning is placed at the end of the introductory or request portion of the document. (*Hansen* v. *Superior Court, supra,* 149 Cal.App.3d 823, 829; *Hernandez* v. *Temple, supra,* 142 Cal.App.3d 286, 290; *Billings* v. *Edwards* (1981) 120 Cal.App.3d 238, 246 [174 Cal.Rptr. 722].) However, cases espousing either view emphasize that the important fact may be whether the party was misled by the placement of the warning. (*Mutual Mortgage Co.* v. *Avis, supra,* 176 Cal.App.3d 799, 806-807; *Barnett* v. *American-Cal Medical Services, supra,* 156 Cal.App.3d at p. 265; *Hansen* v. *Superior Court, supra,* 149 Cal.App.3d at p. 829; *Billings* v. *Edwards, supra,* 120 Cal.App.3d at p. 246.)

Although in the instant case the warning is neither at the end of the requests nor at the end of the introduction, the crucial question is whether appellant was misled by the placement of the warning language. We cannot see how appellant could have in fact been misled. Indeed, since her attorney verified the requests, she may not have seen the requests at all. Appellant's

attorney, who researched the verification question and argued it during the proceedings below, could not have been oblivious to the consequences of his failure to comply with the provisions of section 2033 regardless of where the warning language was placed. Nevertheless, the question of whether the placement of the language resulted in a failure to properly warn appellant is a question of fact to be presented in the lower court. (See *Mutual Mortgage Co.* v. *Avis, supra,* 176 Cal.App.3d 799, 807.) Therefore, appellant does not purely raise a question of law and is precluded from arguing this issue on appeal.

## V

■ Appellant claims that respondents should have proceeded under section 2034 before deeming the requests admitted and moving for summary judgment. Appellant cites no authority for this proposition; rather she avers that making a 2034 motion would be more in line with "traditional notions of justice and fair play."

We find no merit in appellant's contentions. Section 2034, subdivision (a), provides in part that the requesting party may move the court for an order compelling further answers if it deems the answers not to be in compliance with section 2033. It is settled, however, that a requesting party is not required to proceed under section 2034, subdivision (a), before requests will be deemed admitted. (*Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 237 [211 Cal.Rptr. 416, 695 P.2d 713]; *Zorro Inv. Co.* v. *Great Pacific Securities Corp., supra,* 69 Cal.App.3d at pp. 914-917.) Appellant's attorney should have foreseen the consequences of his actions, rather than rely on the appellate court to save his case.

## VI

While we concur with the court in *Barnett* v. *American-Cal Medical Services, supra,* 156 Cal.App.3d at p. 266, that the rigid procedures of section 2033 may lead to "harsh results," we note that, in this instance, appellant's attorney did nothing to "soften the blow." Respondents sent a letter to appellant's attorney and offered to waive the deemed admissions if appellant herself would verify the request. Appellant's attorney stubbornly insisted that his verification was satisfactory. ■ ■ ■ ■ After respondents sent proper notice that the requests were deemed admitted, ap-

pellant's attorney failed to file for relief under section 473.[2] (*Elston* v. *City of Turlock, supra,* 38 Cal.3d at pp. 236-237.) Finally, appellant's attorney failed either to notice or to argue the issue of the location of the section 2033 warning language when opposing the motion for summary judgment in the trial court.

We hold that: (1) attorney verification of requests for admissions is not sufficient to meet the requirements of section 2033, subdivision (a); (2) appellant waived the issue of the location of section 2033, subdivision (a), warning language by failing to raise the issue in the lower court; and (3) respondents were under no duty to file for a motion under section 2034, subdivision (a), before the requests were deemed admitted. Because the requests were properly deemed admitted and, therefore, no triable issues of fact remained, summary judgment was proper.

The judgment is affirmed.

Scott, J., and Barry-Deal, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 9, 1986. Bird, C. J., was of the opinion that the petition should be granted.

---

[2]Section 473 provides in pertinent part: "The court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect." We do not speculate if appellant's motion would have been granted. "The inexcusable neglect of an attorney is usually not a proper basis for granting the client's motion under section 473. The client is entitled to relief only through a malpractice action against the negligent attorney. However, the courts have developed an exception for cases in which the attorney's neglect is so extreme that it operates to 'impair or destroy the client's cause of action or defense.'" (*Elston* v. *City of Turlock, supra,* 38 Cal.3d at 236, fn. 6; citations omitted.)