[No. B092807. Second Dist., Div. Four. Nov. 28, 1995.]

FOOD 4 LESS SUPERMARKETS, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
TABATHA FLETCHER, Real Party in Interest.

COUNSEL

Morrison & Foerster, Timothy F. Ryan and Janie F. Schulman for Petitioners.

No appearance for Respondent.

Harrison & Rodriguez, Gary S. Harrison and Patrick S. Rodriguez for Real Party in Interest.

OPINION

VOGEL (C. S.), J.—

## INTRODUCTION

If, in response to a demand for inspection and production of documents, a party files a timely but *unverified* response raising objections, including privilege, but also tenders other fact-specific responses, does the lack of verification result in a waiver of all objections? The trial court found that it did. We conclude to the contrary and grant a peremptory writ of mandate to compel the trial court to reverse its ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

Tabatha Fletcher (plaintiff) filed an action for sexual harassment, intentional infliction of emotional distress, and battery. The gist of her claim is that while working at an Alpha Beta Market, she complained to her manager Craig Schott that coworker Angel Zavala was sexually harassing her; that Schott took no action in response to her complaints; and that Zavala subsequently raped her at the store. Plaintiff sued Alpha Beta Corporation and its parent corporation Food 4 Less Supermarkets, Inc. (collectively defendants). She also sued Schott and Zavala but they are not parties to this mandamus proceeding.

On December 20, 1994, plaintiff, relying upon section 2031 of the Code of Civil Procedure,[1] served defendants with essentially identical discovery requests entitled demand for inspection and production of documents. The requests asked defendants to serve "a written response subscribed under oath identifying each of the categories listed herein below that are in your possession, custody or control, or in possession, custody, or control of your attorneys, agents or representatives, and stating that inspection and copying will [be] permitted at the time and place requested." The requests identified 58 categories of documents.

Within the statutory period, defendants responded. Their response, signed by counsel, included objections based upon, inter alia, the attorney-client privilege and work product doctrine. Defendants also tendered particular responses, none of which was verified. These responses included the claim that they had already produced some of the requested documents in response to an earlier request, the statement that they would produce other documents provided the information contained was not privileged or that they could redact certain information about nonparties, the representation that after a reasonable search, they had found no nonprivileged documents existed meeting the description provided by plaintiff, and the promise to produce certain documents assuming they exist and had not been previously produced.

Plaintiff was not satisfied with defendants' responses. A "meet and confer" meeting followed. At no point did plaintiff urge that the lack of verification had resulted in a waiver of defendants' various objections.

In March 1995, plaintiff moved for an order to compel and monetary sanctions. She disputed the merits of many of the defense objections and

---

[1] All subsequent statutory references are to the Code of Civil Procedure.

criticized the manner in which defendants had complied with some of her requests. Although plaintiff's motions noted the formal responses had not been verified, she did not urge that such failure had any legal effect on the litigation.

Defendants filed opposition to plaintiff's motions to compel, addressing all of the points she raised. Concurrently, defendants filed verifications, executed by a corporate officer, to the responses it had tendered several months prior. Defense counsel explained the delay had been caused by a turnover in corporate personnel.

At the April 4, 1995, hearing held on plaintiff's motions to compel, the court, *on its own initiative,* seized upon defendants' failure to verify the responses when first filed. The court stated: "[Defendants'] unverified responses are no responses at all. So they are untimely. [¶] The [plaintiff's motion to compel] was timely, so it will be an automatic grant. . . . [¶] An unverified response is no response at all is the rule. . . . [U]nless your response is entirely objections, which these weren't, they have to be verified. . . . . [Defendants] have to respond [to the request to produce and inspect documents] now without objections. . . . You can't answer with objections. . . . And that includes privilege." The court ordered defendants to produce all documents demanded within 20 days and to pay $2,300 in sanctions.

After the trial court denied defendants' motion for reconsideration on May 4, 1995, defendants sought extraordinary relief in this court. We stayed implementation of the trial court's orders and issued an alternative writ of mandate to consider the important question of law raised by the petition. (See, e.g., *Palay* v. *Superior Court* (1993) 18 Cal.App.4th 919, 925 [22 Cal.Rptr.2d 839].)

## DISCUSSION

Section 2031 governs discovery of documents. Several of the statute's subdivisions are pertinent to this dispute.

Section 2031, subdivision (f) provides, in part: "The party to whom an inspection demand has been directed shall respond separately to each item or category of item by a statement that the party will comply with the particular demand for inspection and any related activities, a representation that the party lacks the ability to comply with the demand for inspection of a particular item or category of item, or an objection to the particular demand."

Section 2031, subdivision (g) provides, in part: "The party to whom the demand for inspection is directed shall sign the response under oath unless the response contains only objections. If that party is a . . . private corporation . . . , one of its officers or agents shall sign the response under oath on behalf of that party. . . . The attorney for the responding party shall sign any responses that contain an objection."

Section 2031, subdivision (k) provides, in part: "If a party to whom an inspection demand has been directed fails to serve a timely response to it, that party waives any objection to the demand, including one based on privilege or on the protection for work product under Section 2018." The subdivision goes on to explain how a party may seek relief from a finding of waiver if the party subsequently substantially complies with the statutory duty to respond and demonstrates that its failure to file a timely response was due to mistake, inadvertence or excusable neglect. Lastly, subdivision (k) states that if there has been no timely response, the party initiating the demand to produce "may move for an order compelling response to the inspection demand" and, in some instances, may obtain sanctions.

Section 2031, subdivision (*l*) addresses the situation when a response to the production has been made, but the demanding party is not satisfied with it. Subdivision (*l*) explains how to move for an order compelling further responses. This procedure can be utilized to attack a response containing: (1) an incomplete statement of compliance; (2) an evasive, inadequate, or incomplete statement of inability to comply; or (3) objections which are too general or lack merit.

Only one case, *Blue Ridge Ins. Co.* v. *Superior Court* (1988) 202 Cal.App.3d 339 [248 Cal.Rptr. 346] (review den.), has considered the issue of whether objections to a discovery request made pursuant to section 2031 must be verified if the party also makes other responses to the request. Although *Blue Ridge* dealt with a prior version of the statutory scheme, we believe its analysis is instructive.

In *Blue Ridge*, the defendant, responding to a request for production of documents, filed a timely but unverified response asserting the attorney-client privilege and work product doctrine as to some of the requested documents but agreeing to produce the documents which were not privileged. The plaintiffs moved to compel production of *all of the documents*. Plaintiffs claimed that because defendant's response had not been verified, the response was untimely, thereby entitling them to receive all of the

documents without objection. The trial court granted the plaintiffs' motion, triggering a defense writ to the Court of Appeal.

The Court of Appeal addressed the issue of whether objections had to be verified. The court noted that the statute then in effect was less than clear on the point—unlike the present subdivision (g) of section 2031, which explicitly states a response containing only objections need not be verified—but concluded that there was no statutory requirement that the objections be verified to be preserved. Then, in an analysis directly on point with this case, the court noted that the defendant's "response did not consist solely of objections, but was a 'hybrid' of objections and other statements. . . . The provision that a response consisting solely of objections need not be verified confirms that an objection in an unverified 'hybrid' response is nonetheless effective. The verification requirement for a response which contains matter other than objections operates to support the *other* statements in the response. The objections themselves do not require a verification in order to be preserved. [¶] Although both former and present section 2031 require that a response be verified, we conclude that under both versions *objections* to a production request are effective even though the response is unverified. The statutes reflect the recognition that objections are legal conclusions interposed by counsel, not factual assertions by a party, making their verification unnecessary." (*Blue Ridge Ins. Co.* v. *Superior Court, supra,* 202 Cal.App.3d at pp. 344-345, italics in original.)

■ Plaintiff urges that *Blue Ridge* cannot govern disposition of this cause because the opinion did not consider the effect of the 1986 amendment to section 2031 adding subdivision (k).[2] That subdivision provides that failure to file a *timely* response to an inspection demand results in a waiver of "any objection to the demand, including one based upon privilege or on the protection for work product . . . ." Essentially, plaintiff argues that failure to verify the response results in an untimely response, thereby creating a waiver of any objection, including privilege. The argument misses the mark because it fails to confront the key issue: if a party files a response containing objections and specific responses, must that portion of the response containing the objections be verified in order to be considered timely? This takes us back to the issue considered and decided by the *Blue Ridge* court: is it necessary to verify objections in a hybrid response?[3] We think not.

---

[2]The *Blue Ridge* court did not consider the 1986 amendment because the discovery proceedings in issue took place *before* its effective date. (202 Cal.App.3d at p. 343.)

[3]We recognize that *Blue Ridge's* statement that its analysis would also apply to the 1986 amendment to section 2031 (the version of the statute now in effect) is dictum because the

We believe subdivision (g) of section 2031 requires a party's fact-specific response to a demand for inspection to be made under oath in order to clearly establish the fact(s) set forth in the response. (See *Steele* v. *Totah* (1986) 180 Cal.App.3d 545, 551 [225 Cal.Rptr. 635] [verification requirement in answers for requests for admissions propounded pursuant to § 2033].) The verified response is to be made by the party instead of counsel because the party, as the person or entity in possession, custody, or control of the requested document(s), has personal knowledge of the fact(s) asserted. In that way, were the party to take a different position at trial—e.g., produce a document it earlier claimed it did not possess—it can be impeached with its prior inconsistent statement.[4]

In contrast, subdivision (g) of section 2031 specifically provides that a response containing "only objections" need not be signed by the party. The reason is clear. As *Blue Ridge* so cogently observed: "[O]bjections are legal conclusions interposed by counsel, not factual assertions by a party . . . ." (202 Cal.App.3d at p. 345.) That is, an objection is based upon counsel's *legal* analysis of the matter (e.g., the document is privileged) as compared to a response which is based upon a party's *factual* representation of the matter (e.g., the document does not exist). There is absolutely no reason to require a party to verify an objection. It is sufficient to have the attorney sign the objection(s). If the attorney is wrong, the court will so decide after conducting the appropriate proceedings to determine if, for instance, the claim of privilege lies. Requiring the objection to be verified by the party would add nothing to the trial court's analysis.

What then is the appropriate procedure if a party tenders a hybrid response containing objections and fact-specific responses? Given our analysis, there is no need to verify that portion of the response containing the objections. Thus, if the response is served within the statutory time period, that portion of the response must be considered timely notwithstanding the lack of verification.[5] The omission of the verification in the portion of the response containing fact-specific responses merely renders *that* portion of the

amended statute did not apply to that proceeding. (See, e.g., *Trope* v. *Katz* (1995) 11 Cal.4th 274, 284 [45 Cal.Rptr.2d 241, 902 P.2d 259], and authorities cited therein.)

[4]Another practical consideration militates against having counsel sign the response. Subdivision (g) of section 2031 provides that if the officer or agent signing on behalf of a corporation, partnership, association, or governmental agency "is an attorney acting in that capacity for a party, that party waives any lawyer-client privilege and any protection for work product under Section 2018 during any subsequent discovery from that attorney concerning the identify of the sources of the information contained in the response."

[5]Professor Hogan anticipated this analysis. He wrote: "The lack of an oath on a timely response to an inspection demand does not work a waiver of any objections that are stated in it. Indeed, Section 2031(g) dispenses with the need for an oath where the response consists

response untimely and therefore only creates a right to move for orders and sanctions under subdivision (k) of section 2031 *as to those responses* but does not result in a waiver of the objections made.[6] The only situation in which lack of verification could both render the response untimely *and* result in a waiver of objections under subdivision (k) is when the initial unverified response contains no objections. And in a different factual vein, subdivision (k) could result in a waiver of objections if the party fails to file *any* response within the statutory time period. Neither of the latter two situations is present here.

Applying these principles to the present proceeding, we conclude that the trial court proceeded contrary to law. Defendants did serve their responses within the statutory time period. The lack of verification did not render their objections untimely. The trial court therefore erred in finding defendants had waived their objections and in imposing monetary sanctions upon defendants. The trial court should have instead ruled upon the merits of the motion plaintiff had actually filed seeking to compel further responses. We will issue a peremptory writ of mandate requiring the trial court to do so.[7]

## DISPOSITION

The alternative writ of mandate, having served its purpose, is discharged. Let a peremptory writ of mandate issue compelling respondent court to set aside its orders of April 4, 1995, and May 4, 1995, and to proceed in accord

---

entirely of objections. *The clear implication of this provision is that where a response is required to be under oath because it is a hybrid of answers to some items, and objections to others, the defect resulting from the lack of that oath does not work a waiver of the objections asserted therein to the other items.*" (Italics added.) (1 Hogan, Modern Cal. Discovery (1995 Supp.) Inspection Demands, § 6.14, p. 37.)

Other commentators were of the same view. (See, e.g., 2 DeMeo, Cal. Deposition and Discovery Practice (1995) § 61.21 ["When the response is 'hybrid,' that is, it contains both objections and other matter, the verification requirement applies to the *other* statements in the response. The objections do not require a verification in order to be preserved" (italics in original)], and Wright, Civil Discovery Practice in Cal. (Cont.Ed.Bar Supp. 1995) § 9.23, p. 50 ["[I]f only a portion of the response consists of objections, a party need not verify the objections. Verification is unnecessary to assert objections under CCP § 2031 [citing *Blue Ridge*]. This rule applies under both the current and former versions of CCP § 2031"].)

[6]As noted earlier, plaintiff did not move for orders and sanctions under subdivision (k) of section 2031 after having received defendants' responses. Instead, plaintiff moved to compel further responses. Although plaintiff did not specifically cite subdivision (*l*), the language she employed essentially tracked the provisions of subdivision (*l*).

[7]We need not, and do not, express any opinion on how the trial court should rule upon plaintiff's motion to compel further responses.

with the views expressed herein. This court's temporary stay order of May 18, 1995, shall remain in effect until the remittitur has issued.

Epstein, Acting P. J., and Klein (Brett), J.,* concurred.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.