[Civ. No. 12229. Third Dist. June 3, 1969.]

INTERNATIONAL HARVESTER COMPANY, Petitioner, v. THE SUPERIOR COURT OF SHASTA COUNTY, Respondent; ELEANOR GRAHAM McNEES et al., Real Parties in Interest.

Rust, Hoffman & Mills and David A. Tallant for Petitioner.

No appearance for Respondent.

Jack Halpin and William Braun for Real Parties in Interest.

BRAY, J.*—Petitioner seeks a writ of mandate directing the Shasta County Superior Court to grant its motion for summary judgment.

### QUESTION PRESENTED

Would answers of real parties in interest[1] to questions in discovery require a motion for summary judgment to be granted against them?

### RECORD

Plaintiffs filed a wrongful death action in the Shasta County Superior Court against petitioner herein as defendant, alleging that defendant was negligent in the design and manufacture of a certain trailer dolly which caused a truck to go over an embankment on a highway in Shasta County, resulting in the complained of death. After the answer was filed defendant sent to plaintiffs a ''Request for Admission of Facts and Interrogatories,'' consisting of two requests only:

''*Request for Admission No. 1*—That plaintiffs know of no

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]Hereinafter referred to as plaintiffs.

fact upon which to support a cause of action against International Harvester Company.''

*"Request for Admission No. 2*—That plaintiffs know of no facts to support a claim that International Harvester Company was negligent in the design or manufacture of that certain trailer dolly.''

To each request, plaintiffs replied, admitting that they knew of no facts concerning the matters set forth in the requests.

Thereupon, defendant filed a motion for summary judgment against plaintiffs. The trial court denied the motion and gave the following opinion: ''This motion is based upon a reply to an admission for answers in which the plaintiff states that she has no knowledge of facts imputing liability to moving party. Moving defendant earnestly contends that this is not the correct way to answer demands for admissions and that, therefore, impliedly plaintiff states that no one has any knowledge that would hold defendant liable. Moving defendant's position really consists of a *non-sequitur*. It does not follow that because plaintiff did not answer the demands in accordance with the statute that she is admitting that there is no liability. ◄

''Moving defendant's remedy, if it has one, is to impose the sanctions permitted by law, not the harsh remedy of summary judgment.''[2]

Thereafter defendant filed this petition for writ of mandate to compel the granting of the motion for summary judgment.[3]

### EFFECT OF THE ANSWERS

 Section 2033 of the Code of Civil Procedure provided in pertinent part that a party to an action may file and serve on the other party ''a written request for the admission by the latter . . . of the truth of any relevant matters of fact set forth in the request.'' Plaintiffs contend that the admissions sought were not the '' 'truth of any relevant matters of fact' '' but whether the plaintiffs knew of any such; that the requests really were not for admissions but for information which should have been obtained by interrogatories; and that

---

[2]Defendant disputes the statement in the court's opinion that defendant contended that the plaintiff's answers were not the correct way to answer demands for answers, stating ''On the contrary, your petitioner is absolutely delighted by the answers received . . . .''

[3]No contention is made that as no appeal lies from the order denying the writ, petition for writ of mandate is not the proper remedy to test the validity of the order.

as plaintiffs were not witnesses to the accident, they do not have knowledge of the facts and the information asked for is the work product of the attorney and privileged.

Summary judgment procedures are drastic and should be used with caution. (*Petersen* v. *City of Vallejo* (1968) 259 Cal.App.2d 757, 775 [66 Cal.Rptr. 776].)

While it has been established that a party may not refuse to admit or deny matters set forth in a request for admissions of facts merely because he lacks personal knowledge of those facts if the means of knowledge are reasonably within his power (*Lindgren* v. *Superior Court* (1965) 237 Cal.App.2d 743, 746 [47 Cal.Rptr. 298, 20 A.L.R.3d 748]), there is a question as to whether the requests for admissions in the case at bench are within the purview of section 2033.

*Cembrook* v. *Superior Court*, 56 Cal.2d 423, 429 [15 Cal. Rptr. 127, 364 P.2d 303], pointed out that most of the discovery procedures are primarily to assist counsel to prepare for trial; whereas, requests for admissions are aimed primarily at setting at rest a triable issue so it will not have to be tried. A request for admissions is not a discovery device. (See *Hillman* v. *Stults* (1968) 263 Cal.App.2d 848, 884-887 [70 Cal.Rptr. 295].)

Section 2033 is the counterpart of rule 36, Federal Rules of Civil Procedure, 28 U.S.C.A. The federal decisions hold uniformly that rule 36 cannot be employed as a substitute for discovery procedures to uncover evidence. If a person desires to sound out an adversary's knowledge relative to the existence of facts, he should resort to other discovery methods and not by way of requests made under rule 36. (*Driver* v. *Gindy Mfg. Corp.* (D. Pa. 1959) 24 F.R.D. 473, 475; *California* v. *S.S. Jules Fribourg* (D. Cal. 1955) 19 F.R.D. 432, 436.)

It would appear that unfortunately the time of this and the trial court is being taken up by semantics. Inasmuch as the request for admissions was not properly used, even though plaintiffs did not comply with the procedure for objections set forth in section 2033, the trial court was correct in holding that summary judgment would not lie and in denying the motion for summary judgment.

The order to show cause is discharged and the petition for writ of mandate is denied.

Friedman, Acting P. J., and Regan, J., concurred.