[No. B002321. Second Dist., Div. Five. June 26, 1984.]

STUART M. MILLER et al., Plaintiffs and Appellants, v.
MARINA MERCY HOSPITAL et al., Defendants and Respondents.

**COUNSEL**

Hillman, Friedman & Cohen, Stuart S. Hillman and Herbert F. Blanck for Plaintiffs and Appellants.

Freshman, Mulvaney, Marantz, Comsky, Kahan & Deutsch and William H. Jennings for Defendants and Respondents.

## OPINION

**ASHBY, J.**—Appellants are seven doctors who sued respondents Marina Mercy Hospital, Marina Mercy Management Corporation and William Born for breach of contract, fraud and an accounting during the first half of 1982.[1] Respondents, however, initiated discovery by sending interrogatories and requests for admissions in August 1982. Appellants were to have an accountant review respondent hospital's documents during September so that the interrogatories and requests for admissions could be answered. The parties agreed to extend the time to answer until October 10, 1982. Due to a misunderstanding about which documents were to be made available, respondents' records were not reviewed by appellants. Appellants did not respond by October 10, and on October 12, 1982, respondents notified appellants that the admissions were deemed admitted. Appellants sought relief from the deemed admissions under Code of Civil Procedure section 473.[2] They simultaneously filed a motion for production of documents. Respondents filed a motion for judgment on the pleadings or, alternatively, a summary adjudication of the issues. All motions were originally scheduled for hearing on December 10. Appellants' motion to compel production and respondents' motion were continued until January 21, 1983. On December 10, 1982, appellants' request for relief from the deemed admissions was denied.

On December 27, 1982, respondents filed a separate motion for summary judgment, based on the trial court's denial of relief from the deemed admissions. This motion was to be heard with the others on January 21. One week before, on January 14, appellants filed a request for dismissal without prejudice pursuant to section 581, subdivision 1. The dismissal was entered by the clerk. The trial court nevertheless granted respondents' motion for summary judgment on January 21, 1983. Appellants' motion to vacate the summary judgment on the ground that the court lacked jurisdiction was denied on March 11, 1983. This appeal followed.

Appellants contend that the court was without jurisdiction to grant the summary judgment. They maintain that they had an absolute right to dismiss

---

[1]Appellants are Stuart M. Miller, M.D., David N. Edelbaum, M.D., Barry S. Neidorf, M.D., W. Clay McCord, Jr., M.D., Howard S. Baer, M.D., Richard Germain, M.D. and Drayton P. Graham, Jr., M.D.

[2]All statutory references are to the Code of Civil Procedure.

their suit because trial had not yet begun. Under section 581, subdivision 1, plaintiffs may dismiss "at any time before the actual commencement of trial" if no affirmative relief is sought by defendants. That respondents sought no affirmative relief is not disputed. The issue before us is whether a trial had begun as that term is used in the statute.

Section 581, subdivision 1, states that "[a] trial shall be deemed to be actually commenced at the beginning of the opening statement of the plaintiff[,] . . . at the time of the . . . first witness, or the introduction of any evidence." This language, however, has been held to be illustrative rather than exclusive of the circumstances under which a trial has begun. (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 785 [176 Cal.Rptr. 104, 632 P.2d 217]; *Goldtree v. Spreckels* (1902) 135 Cal. 666, 672-673 [67 P. 1091].) The Supreme Court has defined trial as "the determination of an issue of law or fact" (*Berri v. Superior Court* (1955) 43 Cal.2d 856, 859 [279 P.2d 8]), and as "the examination . . . of the facts or law put in issue in a cause" (*Tregambo v. Comanche M. and M. Co.* (1881) 57 Cal. 501, 505. See also *McDonough Power Equipment Co. v. Superior Court* (1972) 8 Cal.3d 527, 531 [105 Cal.Rptr. 330, 503 P.2d 1338].) The question of when trial begins for purposes of effective voluntary dismissal without prejudice under section 581, subdivision 1, has not been addressed in cases in which a dismissal is filed after a summary judgment motion is made, as happened here. But the issue has been discussed where defendant has taken a demurrer. The court in *Goldtree v. Spreckels, supra,* 135 Cal. at pages 672-673 (affd. in *Wells v. Marina City Properties, Inc., supra,* 29 Cal.3d 781), found that "trial" as used in the statute includes "a general demurrer to the complaint *as will effectively dispose of the case.*" (Italics added.) *Wells* concluded that once a demurrer is sustained with leave to amend and no timely amendment is made, the right to voluntary dismissal without prejudice is terminated, even before the judgment of dismissal is entered by the trial court. Noting that the right to dismiss is not barred before the time to amend expires, the court emphasized that plaintiff may voluntarily dismiss at any time before the demurrer is sustained. (*Wells v. Marina City Properties, Inc., supra,* at pp. 789-790.) The court in *Datner v. Mann Theatres Corp.* (1983) 145 Cal.App.3d 768, 770 [193 Cal.Rptr. 676], with precisely that situation before it, relied on *Wells* to uphold plaintiff's voluntary dismissal entered after the demurrer was filed but before a ruling was made by the trial court.

Appellants compare a section 581, subdivision 1, dismissal subsequent to the filing of a summary judgment motion to a section 581, subdivision 1, dismissal subsequent to the filing of a demurrer. We are asked to apply the reasoning of *Wells* and *Datner,* and find the grant of summary judgment to respondents to be in excess of the trial court's jurisdiction and void. (*Gher-*

*man* v. *Colburn* (1971) 18 Cal.App.3d 1046, 1050 [96 Cal.Rptr. 424]; *Eddings* v. *White* (1964) 229 Cal.App.2d 579, 583 [40 Cal.Rptr. 453].) Respondents maintain that the deemed admissions taken against appellants as a result of their failure to answer the requests for admissions on October 10, 1982, resolved all the factual issues of the case in respondents' favor, making the summary judgment granted on January 21, 1983, a mere formality. While this contention understates the role of the trial court after deemed admissions are taken against a party, we do not find that respondents have overstated the significance of deemed admissions.

■ A request for admissions is not a discovery device. (*International Harvester Co.* v. *Superior Court* (1969) 273 Cal.App.2d 652, 655 [78 Cal.Rptr. 515].) Requests for admissions are primarily aimed at setting at rest a trial issue so that it will not have to be tried. (*Cembrook* v. *Superior Court* (1961) 56 Cal.2d 423, 429 [15 Cal.Rptr. 127, 364 P.2d 303]; *International Harvester Co.* v. *Superior Court, supra,* 273 Cal.App.2d 652, 655.) The most important objective of the request for admissions is to narrow the issues and save the time and expense of preparing unnecessary proof. (Witkin, Cal. Evidence (2d ed. 1966) Discovery and Production of Evidence, § 1004; *Hillman* v. *Stults* (1968) 263 Cal.App.2d 848, 885 [70 Cal.Rptr. 295].) Early admissions lead to settlement or dismissal; such result is a positive step in alleviating the heavy case loads in our courts. (*Billings* v. *Edwards* (1981) 120 Cal.App.3d 238, 244 [174 Cal.Rptr. 722].) (2) Failure to answer a request for admissions is deemed an admission of matters contained in the request. (*Jack* v. *Wood* (1968) 258 Cal.App.2d 639, 644 [65 Cal.Rptr. 856]; § 2033.) Section 2033 provides for a section 473 hearing within 30 days of default. Thus, adequate relief for a litigant who through mistake, inadvertence or excusable neglect fails to timely answer requests for admissions is provided in the statute. (*Billings* v. *Edwards, supra,* 120 Cal.App.3d at pp. 244-245.)

To allow plaintiff to dismiss without prejudice after deemed admissions result from plaintiff's default would frustrate the purposes of section 2033 in several ways. Plaintiff would have the opportunity to refile the lawsuit at a cost of time and resources to the judicial system that the statute is intended to prevent. Refiling likewise burdens defendant, and removes the express benefit provided to the requesting party when the served party defaults. If the default is excusable, plaintiff is given an opportunity to admit or deny after the 473 hearing. But if the default is not excusable, the party must concede the admissions, no matter how damaging. A plaintiff whose default is not excusable would of course prefer to begin the suit anew, thus circumventing the statutory scheme. Finally, it should be noted that a defendant who defaults on requested admissions has no opportunity to wipe the slate clean unless his default is excusable.

On the other hand, appellants assert their absolute right to dismiss as plaintiffs in this suit at any time before trial begins. The previously cited cases show, however, that a trial of the issues may take place earlier in a lawsuit than the events listed in the statute. Deemed admissions which effectively dispose of the case by resolving all the issues constitute a trial of the issues for purposes of dismissing pursuant to section 581, subdivision 1. ■ We find that where a plaintiff served with a request for admissions defaults and all the issues in the case are deemed admitted in compliance with the requirements of section 2033, plaintiff's right to dismiss without prejudice pursuant to section 581, subdivision 1, is terminated. Plaintiff is bound to follow the procedures mandated by section 2033 to obtain relief from the effect of the deemed admissions. A trial of the issues having taken place, dismissal without prejudice under 581, subdivision 1, is no longer available.

In the case before us we find that appellants' right to dismiss terminated upon notification by respondents of the deemed admissions. Appellants' dismissal, filed January 14, 1982, was ineffective. The trial court retained jurisdiction over the matter, and the summary judgment of January 21, 1982, was not void and was the effective disposition of the case.

Appellants also challenge the trial court's denial of their 473 motion for relief from their failure to respond to the request for admissions. ■ The determination of a 473 motion is within the sound discretion of the trial court, and its decision will not be disturbed on appeal without a clear showing of abuse. (*Martin* v. *Johnson* (1979) 88 Cal.App.3d 595, 604 [151 Cal.Rptr. 816]; *Martin* v. *Cook* (1977) 68 Cal.App.3d 799, 807 [137 Cal.Rptr. 434].) Even if the appellate court might have ruled otherwise in the first instance, there is no reversal unless, as a matter of law, the trial court's decision is not supported by the record. (*Coyne* v. *Krempels* (1950) 36 Cal.2d 257, 263 [223 P.2d 244]; *Martin* v. *Johnson, supra,* 88 Cal.App.3d at p. 604.)

Appellants contend that their counsel, who had been in Texas from September 30 through October 8, tried several times before the October 10 deadline for responding to the request for admissions to contact respondents' counsel to arrange a continuance, but the latter never returned the calls. They argue that relief to appellants would not have prejudiced respondents. Based on these contentions, they urge this court to find a manifest abuse of discretion by the trial court. Appellants have not met their burden on appeal. The record supports the trial court's ruling that appellants' default was not the result of mistake, inadvertence, surprise or excusable neglect. Finding no abuse of discretion, we affirm the trial court's ruling.

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 23, 1984. Bird, C. J., was of the opinion that the petition should be granted.