Filed 4/19/23 Banta v. American Medical Response CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| VAUGHN BANTA, | B313589 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC393113) |
| AMERICAN MEDICAL RESPONSE, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Elihu M. Berle, Judge. Affirmed.

The Van Vleck Law Firm and Brian F. Van Vleck for Plaintiff and Appellant.

Epstein Becker & Green, Michael S. Kun and Kevin D. Sullivan for Defendants and Respondents.

—————————————

Plaintiff and appellant Vaughn Banta (plaintiff) appeals from the order granting a judgment on the pleadings in favor of defendants and respondents, American Medical Response, Inc., American Medical Response Ambulance Services, Inc., American Medical Response of Inland Empire, American Medical Response of Southern California, and American Medical Response West (collectively defendants). Plaintiff claims that, since defendants required emergency medical technicians to be on call during their meal and rest breaks, he was denied legally required meal and rest periods.

The trial court found the claims were not sufficiently pleaded, and it was not possible to correct the defects by amendment because statutes, enacted pursuant to Proposition 11 (Lab. Code, §§ 880–890),[1] required emergency medical technicians to be reachable throughout their entire work shift. We affirm the order.

## FACTUAL BACKGROUND

Plaintiff is an emergency medical technician (EMT) who brought this action against defendants, claiming they failed to pay him overtime, provide him with meal and rest periods, pay compensation for missed meal periods, and provide valid wage statements. The complaint was filed on June 23, 2008.

The operative pleading is the second amended complaint (SAC) filed on March 31, 2010. Throughout this case plaintiff has claimed defendants denied EMT's meal and rest periods because

---

[1] All further unattributed statutory references are to the Labor Code.

2

the EMT's had to remain available during their meal and rest breaks.

When this action commenced, plaintiff also sent a notice under the Private Attorneys General Act of 2004, enacted at section 2698 et seq. (PAGA), to the California Labor and Workforce Development Agency to claim violations of the law concerning meal and rest periods, overtime, and wage statements.[2] In addition, plaintiff filed a motion for class certification of each claim in the SAC.

On February 25, 2014, the trial court certified a class for only his overtime claim. Plaintiff sought review of the denial to certify classes for the meal and rest period claims. That appeal was dismissed because a class had been certified on the overtime claim, and, as a result, there was no final appealable judgment on the class claims. (*Banta v. American Medical Response, Inc.* (Feb. 22, 2016, B255239) [nonpub. opn.].)

Upon remand, plaintiff dismissed the overtime claims and proceeded on his individual and PAGA claims. Defendants then filed a motion to strike the PAGA claim as unmanageable, which the trial court granted on April 10, 2018. Plaintiff appealed the order striking his PAGA claims, also seeking review of the February 25, 2014 order denying class certification of the meal and rest period claims. Before an opinion issued, the law on meal and rest periods for EMT's changed.

On November 6, 2018, California voters approved Proposition 11, which enacted the Emergency Ambulance Employee Safety and Preparedness Act, codified at sections 880

---

[2] The applicable laws violated are sections 226.7 and 512 (meal and rest periods), 510 (overtime), and 226 (wage statements).

to 890 (Proposition 11). This proposition was in response to *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257 (*Augustus*), where our Supreme Court held that security guards cannot be required to be "on call" during their rest periods. The decision found that section 226.7 and Industrial Welfare Commission (IWC) wage order 4-2001[3] (Cal. Code Regs., tit. 8, § 11040; Wage Order 4) barred employers from requiring employees to work during their breaks.[4] (*Augustus, supra*, at pp. 272-273.) Employers must relinquish any control over how employees spend their break time because "[a] rest period, in short, must be a period of rest." (*Id.* at p. 273.)

Since this applied to EMT's, an exception was created by Proposition 11 that required EMT's to be on call throughout their work shift, including their breaks. Section 887, subdivision (a)

---

[3]    Wage orders are issued by the IWC, which was delegated authority for setting minimum wages, maximum hours, and working conditions. (*Martinez v. Combs* (2010) 49 Cal.4th 35, 52–53.)

[4]    Section 226.7, subdivision (b), states: "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health." If the employer does not provide an uninterrupted break, subdivision (c) states, "[T]he employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

Subdivision 12(A) of Wage Order 4 requires every employer to authorize and permit all employees to take rest periods.

4

provides, "[E]mergency ambulance employees shall remain reachable by a portable communications device throughout the entirety of each work shift." If the employee is interrupted during a break, section 887, subdivision (b), provides, "[T]hat particular meal or rest period shall not be counted towards the meal and rest periods the employee is entitled to during his or her work shift." Section 889 states that these new provisions clarify existing law and apply to claims for alleged meal and rest period violations pending on or filed after October 25, 2017.

As a result of these provisions, defendants filed a motion to dismiss plaintiff's appeal of the orders denying his class certification and dismissing his PAGA claims on the ground that Proposition 11 had made the appeal moot. This court agreed, and on July 30, 2020, plaintiff's appeal was dismissed as moot based on the passage of Proposition 11.

Subsequently, *Calleros v. Rural Metro of San Diego, Inc.* (2020) 58 Cal.App.5th 660 (*Calleros*) found that Proposition 11 applied retroactively.[5] (58 Cal.App.5th at pp. 666–670.) Since newly enacted section 887 expressly authorized EMT's to be on call during breaks, pending claims that this was a violation of the law became moot.

Following the issuance of the remittitur, on January 13, 2021, the trial court held a case management conference. After the trial court conferred with counsel the parties were ordered to brief the issue of when the 13-year-old case would be subject to a mandatory dismissal based on the failure to bring the case to

---

[5]     That court quoted this court's order dismissing Banta's prior appeal to support its finding that Proposition 11 was retroactive and rendered the claims moot.

trial within five years after it was commenced as required by Code of Civil Procedure section 583.310.

At the next case management conference, the trial court did not make a finding on the time for mandatory dismissal. Instead, the trial court stayed the action, based on the stipulation of the parties, until April 14, 2021, to allow for any review of *Calleros* by the Supreme Court. In addition, the court authorized defendants to file a motion for a judgment on the pleadings and set the hearing for May 10, 2021. Trial was set for May 19, 2021.

Plaintiff did not file a motion for leave to amend his SAC, despite the passage of Proposition 11 or the dismissal of his appeal as moot due to Proposition 11. His operative complaint, therefore, included only the claims that the wage statements were not proper and that the EMT's had been denied meal and rest periods because they were required to remain available during breaks.

In their motion for judgment on the pleadings, defendants argued plaintiff's theory had been negated by Proposition 11 and the finding in *Calleros* that Proposition 11 was retroactive. Defendants also argued that granting leave to amend would prejudice defendants because discovery had closed more than three years earlier and amendment would inject new issues that would require discovery, with little time before trial.

Plaintiff made a variety of arguments in opposition. He argued that he had not waived his right to pursue meal and rest period violations, that this court's decision to dismiss his appeal as moot after Proposition 11 was approved was not the "law of the case," that defendants had not complied with their obligations under the new sections, and that his pleadings were sufficient because they include the ultimate facts needed to state his

claims. Plaintiff also argued that leave to amend was mandatory if the motion was granted.

In addition plaintiff filed a motion to present PAGA evidence based on the court's inherent authority to reconsider its April 10, 2018 order striking the PAGA claims, as well as a motion in limine to exclude documents and information not produced in discovery.

On May 10, 2021, the trial court ruled on the motion for a judgment on the pleadings and the motion for reconsideration. The record does not reflect that the court made a ruling on the motion in limine.

The trial court granted defendants' motion for a judgment on the pleadings with regard to the meal and break claims in the second and third causes of action and denied the motion with regard to the fourth cause of action based on the propriety of the wage statements. The trial court also denied plaintiff's motion for reconsideration.

The trial court explained that Proposition 11 established that plaintiff's theory on meal and rest periods was "no longer a tenable theory of liability in the ambulance workers' context." The court cited *Calleros* and its holding to find that, after Proposition 11 was approved, plaintiff's allegations that he was denied breaks because he remained on call no longer stated a claim for liability.

The trial court also denied leave to amend because it found that plaintiff had failed to set forth facts that showed the proposed amendment would cure the identified defects. The court also found that granting leave to correct the existing causes of action would be an idle act because, after Proposition 11, plaintiff

7

could not plead a claim that he was denied rest and meal breaks due to being on call during his breaks.

As to plaintiff's motion for reconsideration, the trial court found it was untimely because plaintiff had not sought relief diligently and had waited until the eve of trial. The court also noted that plaintiff had not shown it would be manageable to try the PAGA claims at a trial scheduled within nine days, given the fact that the court needed to review information "in more than 45 million pages of data since 2006."

Plaintiff then dismissed the remaining fourth cause of action for wage statement violations A notice of appeal was filed on May 28, 2021.

## DISCUSSION

I. **The judgment on the pleadings is appealable, but not the denial of representative status under PAGA**

We begin by noting that plaintiff's notice of appeal is directed at the order issued May 10, 2021. It is not directed at a final judgment that disposed of all claims. Further, the notice of appeal seeks review of the "denial of representative status under [PAGA]." That ruling occurred on April 10, 2018, not on May 10, 2021, when the trial court granted defendants' motion to dismiss the PAGA claims. Plaintiff had already filed an appeal of that order, which was dismissed.

At the May 10, 2021 hearing, the trial court granted defendants' motion for a judgment on the pleadings of the second and third causes of action, denied plaintiff's motion for reconsideration of the April 10, 2018 order granting defendants' motion to dismiss the PAGA claims, and denied defendants'

8

motion for a judgment on the pleadings of the fourth cause of action.

This was not an appealable order because it had not completely disposed of all of the causes of action, i.e., the fourth cause of action remained. (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1101 ["'A judgment that disposes of *fewer* than all of the causes of action framed by the pleadings, however, is necessarily "interlocutory" (Code Civ. Proc., § 904.1, subd. (a)), and not yet final, as to any parties between whom another cause of action remains pending.'"].)

Further review of the record reveals no appealable judgment. Three days after the May 10, 2021 hearing, plaintiff filed a notice of dismissal of the fourth cause of action without prejudice. Generally, a voluntary dismissal is not appealable. (*Gray v. Superior Court* (1997) 52 Cal.App.4th 165, 170.) "However, "'appellate courts treat a voluntary dismissal with prejudice as an appealable order if it was entered after an adverse ruling by the trial court in order to expedite an appeal of the ruling.'"'" (*Flowers v. Prasad* (2015) 238 Cal.App.4th 930, 935.)

On May 14, 2021, the trial court ordered the dismissal of the fourth cause of action without prejudice and stated the matter was concluded. A review of the transcript reveals that counsel for plaintiff stated that the first cause of action had been dismissed "a long time ago," the second and third were resolved by the ruling on defendants' motion for a judgment on the pleadings, and "the fourth one we have just dismissed. So we intend, you know, appeal [*sic*] from the judgment on the pleadings." At the end of the hearing, the trial court observed, "The record will reflect that the fourth cause of action has been

dismissed by plaintiff and the matter is now completely disposed of subject to the Court of Appeal."

Although plaintiff dismissed the fourth cause of action without prejudice, we treat plaintiff's voluntary dismissal of the fourth cause of action as an appealable order because it was made after the trial court had issued an adverse ruling on the second and third causes of action, and it found at the May 14, 2021 hearing that "the matter is now completely disposed of," thereby permitting review of the trial court's May 10, 2021 order granting the judgment on the pleadings of the second and third causes of action. Review, however, is limited to the order on the motion for a judgment on the pleadings.

In his notice, plaintiff also sought review of the denial of representative status under PAGA, that it occurred three years earlier on May 10, 2018, when the court granted defendants' motion to dismiss the PAGA claims. The only order at the May 14, 2021 hearing that concerned the PAGA claims was the denial of plaintiff's motion for reconsideration of that 2018 order. As the following shows, plaintiff cannot use the denial of his motion for reconsideration to make an untimely appeal of the 2018 order on his PAGA claims.

An order dismissing a representative PAGA claim is immediately appealable to the extent it effectively rings the "death knell" of that claim. (*Miranda v. Anderson Enterprises, Inc.* (2015) 241 Cal.App.4th 196, 200-203 [finding the order is effectively a final judgment for the nonparty employees because they can no longer assert any claims].) The "death knell" of the PAGA claims in this case occurred on May 10, 2018, when the trial court struck plaintiff's PAGA claims as unmanageable. Plaintiff filed an appeal of that order on April 25, 2018. (*Banta v.*

10

*American Medical Responses, Inc.* (July 30, 2020, B291270) app. dism.) The order dismissing the PAGA claim was effectively the final judgment on the PAGA claims causing plaintiff to seek review of that order. Plaintiff did so when he sought review of the order in his prior appeal.[6]

Any attempt to seek review of the April 10, 2018 order now is untimely. Characterizing this order as an interlocutory judgment, plaintiff sought reconsideration of that order by the trial court. That motion was denied on May 14, 2021.

Appealability cannot be created by moving to reconsider a nonappealable order and then appealing from the order denying the motion. (*Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 354-355.) Here, the April 10, 2018, order striking the PAGA claims was no longer appealable. Indeed, plaintiff filed a notice of appeal in 2018. Plaintiff cannot, therefore, use the denial of his motion for reconsideration of the April 10, 2018 order to seek review of the decision striking his PAGA claims. Neither the April 10, 2018 order striking the PAGA claims nor the May 14, 2021 order denying the motion for reconsideration of that prior order are appealable. An appeal of the first order is untimely and the second cannot be used to seek an untimely review of the first.

In addition to being an untimely attempt to seek reconsideration after the de facto final judgment on the PAGA claims on April 10, 2018, plaintiff's motion to submit evidence of PAGA claims could be denied on the separate ground that the PAGA claims lack legal merit, as they are based on the same theory as plaintiff's individual claims, i.e., EMT's were denied

---

[6] The appeal was dismissed on July 30, 2020, because Proposition 11 rendered the issues in the appeal moot.

11

rest and meal breaks because they had to be on call. As discussed below, this claim is no longer a legally cognizable claim after Proposition 11.

## II. General legal principles and standard of review

The standard of review for a motion for judgment on the pleadings is the same as for a demurrer. (*Pang v. Beverly Hospital, Inc.* (2000) 79 Cal.App.4th 986, 989 (*Pang* ).) Under this standard, all material facts that were properly pleaded are deemed true, but not contentions, deductions, or conclusions of fact or law. (*Ibid.*) Judicially noticed matters may also be considered. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) When a motion for judgment on the pleadings is granted, we must determine as a matter of law *whether* the complaint states facts sufficient to constitute a cause of action. (*Ibid.*)

Where, as here, leave to amend was not granted, we must determine whether the defect could be cured by amendment. If the defect can be cured, the trial court committed reversible error. The plaintiff bears the burden of proof on this issue. (*Pang, supra*, 79 Cal.App.4th at p. 989.)

## III. Judgment on the pleadings was properly granted

The trial court granted judgment on the pleadings of the second cause of action for failure to provide meal breaks or premium compensation for missed meal breaks and the third cause of action for failure to provide rest breaks or premium compensation for missed rest breaks.[7]

---

[7]     As noted above, plaintiff dismissed the first and fourth causes of action.

12

The operative SAC was filed on March 31, 2010. Plaintiff alleged he was employed as a field paramedic and defendants falsely informed their employees that special rules applied to emergency medical providers that preclude them from having the same legal rights as other employees to receive meal and rest breaks.

The second cause of action alleged that defendants violated section 512 and applicable wage orders by failing to provide meal periods or the compensation earned by the employees as a result of working without timely breaks. The third cause of action alleged that defendants violated applicable wage orders by refusing to provide rest breaks or the compensation earned by the employees as a result of working without timely breaks.

Plaintiff incorporated allegations that specify that his claim is based on the failure to provide an uninterrupted meal or rest break in both causes of action. In paragraph 32, plaintiff alleged that defendants refused to provide employees with a 30-minute uninterrupted meal break or a 10-minute uninterrupted rest break, as mandated by section 512, and defendants refused to pay the premium pay required by section 226.7 for each occasion on which employees were required to work without a full, uninterrupted statutory rest break.

Meal breaks are required by section 512, subdivision (a), which prohibits an employer from requiring an employee to work for a period of more than five hours per day without providing a 30-minute meal period. The rest breaks required by IWC wage order 9-2001 (Cal. Code Regs., tit. 8, § 11090; Wage Order 9) mandates employers to permit all employees to take 10-minute rest periods every four hours. These meal and rest breaks are required to be uninterrupted by section 226.7, which prohibits an

13

employer from requiring an employee to work during a statutorily mandated meal or rest period.

This was the law when plaintiff filed the SAC in 2010 that regulated working conditions as an emergency medical provider. However, eight years later, voters approved Proposition 11, codified at sections 880 to 890. These statutes became effective on December 19, 2018.

Section 887, subdivision (a), one of the newly enacted provisions, states: "In order to maximize protection of public health and safety, emergency ambulance employees shall remain reachable by a portable communications device throughout the entirety of each work shift." Subdivision (b) states "[i]f an emergency ambulance employee is contacted during a meal or rest period, that particular meal or rest period shall not be counted towards the meal and rest periods the employee is entitled to during his or her work shift." EMT's, therefore, do not have a right to an uninterrupted rest or meal period because they are on call throughout their entire work shift.

Section 889 expressly made this provision retroactive: "Notwithstanding any other provision of law to the contrary, Sections 887 and 888 are declaratory of, and do not alter or amend, existing California law *and shall apply to any and all actions pending on, or commenced after, October 25, 2017*, alleging a violation of Section 11090 of Title 8 of the California Code of Regulations (Industrial Welfare Commission (IWC) Order No. 9-2001) or any amended, successor, or replacement law, regulation, or IWC order." (Italics added.) Since plaintiff's action was pending on October 25, 2017, these newly enacted provisions applied to his claims that defendants had not provided him with uninterrupted meal and rest breaks.

14

In voter materials, the Legislative Analyst described that the act was proposed in response to the *Augustus* decision, stating that "'it appears likely that the *Augustus* decision will also apply to EMTs and paramedics in the near future,'" and that this "'would increase costs to ambulance companies—potentially by more than $100 million each year statewide.'" (*Calleros, supra*, 58 Cal.App.5th at pp. 664-665, citing the Voter Information Guide, Gen. Elec. (Nov. 6, 2018) analysis of Prop. 11 by Legis. Analyst, p. 64.) "The Legislative Analyst materials also stated: 'This measure makes changes to state laws that affect private-sector EMT's and paramedics. . . . [¶] . . . The measure requires EMTs and paramedics to stay on call during their whole shift. In effect, the measure continues the industry practice of requiring EMTs and paramedics to remain on call during breaks.'" (*Calleros*, at p. 665.)

Thus, after the passage of Proposition 11, plaintiff's claims that he was not provided an uninterrupted rest and meal break no longer contained sufficient facts to constitute a violation of sections 512 and 226.7 or Wage Order 9. Newly enacted section 887 required EMT's, like plaintiff, to be reachable by a portable communication device during his entire work shift.

Plaintiff's second and third causes of action are based on the alleged violation of sections 512 and 226.7 and Wage Order 9. Such claims must state with reasonable particularity the facts supporting the statutory elements of the violation. (*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619.) Since section 887 requires EMT's to be available throughout their work shift, plaintiff's allegations that defendants did not provide EMT's with uninterrupted meal and rest breaks do not state with

15

reasonable particularity the facts showing a denial of meal and rest periods to plaintiff.

The court's inquiry on the motion for a judgment on the pleadings was whether plaintiff had pleaded, with reasonable particularity, the facts showing defendants had violated the applicable Labor Code sections and wage orders that regulated EMT's. The burden is on plaintiff to establish that his pleadings were legally sufficient. In his opposition to defendants' motion, plaintiff argued that defendants had to establish that they had fully complied with all requirements for providing a legally compliant break period. This is not correct. Plaintiff failed to meet this burden in the SAC after Proposition 11 was approved.

On appeal, plaintiff argues that the trial court should not have relied on this court's dismissal of his prior appeal as the "law of the case." Referring to the trial court's observation that the Court of Appeal had "evidently rejected" plaintiff's argument that he could continue this litigation under an alternative theory and that "[i]t would be anomalous for this court to find the plaintiff's meal and rest break claims, the same claims which were before the Court of Appeal, are now somehow not moot."

However, the trial court did not cite the dismissal of the appeal as the sole basis for its decision or find that it was required to grant defendants' motion based on the dismissal. Instead, the trial court noted that it would be "anomalous," or different from what is expected, to find that plaintiff's claims were valid. In addition, the trial court found that, after Proposition 11 was passed, the claims in plaintiff's operative complaint were no longer tenable. The trial court discussed the facts and holding in *Calleros*, found it directly on point, and applied its holding that the new Labor Code sections were

16

retroactive. The trial court, therefore, identified multiple grounds for granting the motion.

Finally, when reviewing the order, our review focuses on whether the complaint states facts sufficient to constitute a cause of action, as a matter of law. The above analysis of the plaintiff's pleadings shows that, as a matter of law, the plaintiff no longer has a claim for relief based on his theory that defendants were required to provide him with uninterrupted breaks. The trial court, therefore, properly granted defendants' motion for a judgment on the pleadings of the second and third causes of action because they do not plead sufficient facts to constitute a cause of action for the violation of the Labor Code sections and wage orders that regulate the meal and rest breaks required for emergency medical technicians.

## IV. Leave to amend was properly denied

The trial court did not abuse its discretion in denying leave to amend because plaintiff failed to show a reasonable possibility of correcting the defects by amendment in the time remaining before trial.

It was plaintiff's burden to show there is a reasonable possibility of curing the defects by amendment. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.) Plaintiff must show in what manner he can amend the complaint and how that amendment will change the legal effect of the pleadings. (*Ibid.*) Nothing in the record identifies how he can amend his pleadings and cure the defects in the SAC. As the trial court noted, after Proposition 11, plaintiff's theory that he suffered damages by the denial of uninterrupted meal and rest periods cannot be corrected by amendment.

17

The trial court had set May 19, 2021, as the trial date and asked the parties to brief when the five-year time period in which to bring the case to trial expired. Granting leave to amend when the case would be subject to a mandatory dismissal would be an idle act and the law does not do or require idle acts. (Civ. Code, § 3532.) There was no abuse of discretion by the trial court in finding that plaintiff could not correct the defects by amendment so that the parties could prepare for a trial within the mandatory five-year time period set by Code of Civil Procedure section 583.310.

The trial court, therefore, did not abuse its discretion when it granted defendants' motion for a judgment on the pleadings without leave to amend.

## DISPOSITION

The order is affirmed. Defendants are awarded costs of appeal.

_____
CHAVEZ, J.

We concur:


_____
LUI, P. J.


_____
HOFFSTADT, J.

18