Filed 1/25/23  Penan v. Molina CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ALAN PENAN, | C094425 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2016-00199591-CU-MM-GDS) |
| v. | |
| MIGUEL MOLINA, | |
| Defendant and Respondent. | |

After default was entered against defendant Miguel Molina in plaintiff Alan Penan's civil action, the trial court set aside default and granted defendant's motion to dismiss the action.  On appeal, plaintiff contends the trial court erred.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2016, plaintiff filed a tort action naming multiple defendants, including defendant.  Later, plaintiff filed a proof of service in the trial court, stating someone with defendant's name was served on April 19, 2017, via personal service at an address in

1

North Highlands, California. In September 2020, plaintiff sought and obtained entry of default against defendant.

Defendant filed a motion to set aside the default in January 2021, along with a declaration stating he (1) had "never been served with any document" in the case, (2) had never lived at or been to the North Highlands address where the April 2017 service of process occurred, and (3) "knew nothing about" the case until around November 2020. Plaintiff opposed the motion, arguing inter alia that defendant's failure to file a motion to quash service of summons with the motion to set aside default was fatal to the motion to set aside default. Plaintiff also argued that if the trial court were to grant defendant's motion, it should impose monetary sanctions on defendant.

The matter first came on for hearing on February 16, 2021. In light of the COVID-19 pandemic, personal appearances were not permitted by the superior court and the hearing was to be conducted remotely via CourtCall or Zoom. At the scheduled hearing, both parties appeared remotely on video via Zoom. However, plaintiff was apparently unable or unwilling to unmute himself to engage in oral argument, so the matter was continued to February 24, 2021, and both parties were ordered to appear remotely. Plaintiff did not appear at the February 24, 2021 hearing, and the trial court affirmed its tentative ruling, granting the request to set aside default. On February 25, 2021, and again on March 16, 2021, plaintiff filed a request for oral argument on the motion to set aside, which the trial court denied on March 16, 2021.

The trial court set aside default in a written ruling, explaining: (1) defendant's declaration overcame the presumption of validity that the process server's declaration was entitled to; (2) Code of Civil Procedure section 473.5[1] permits a party to move to set aside default if service of process did not result in actual notice to the party; and (3) it

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

disagreed with plaintiff's argument defendant had to file a motion to quash service of the summons along with the motion to set aside default. The trial court also denied plaintiff's request for imposition of monetary sanctions on defendant.

Defendant then filed an answer to plaintiff's complaint and a motion to dismiss, arguing for dismissal pursuant to sections 583.210[2] and 583.250,[3] because plaintiff failed to serve defendant within three years of filing the complaint.

In opposition to the motion to dismiss, plaintiff argued (1) defendant "never entered into the record and served him notice that the court granted" the motion to set aside his default, and (2) defendant committed perjury in his declaration supporting the motion to set aside default.

The trial court granted defendant's motion to dismiss and entered judgment in favor of defendant. Plaintiff appealed.

## DISCUSSION

### I

*Motion to Set Aside Judgment*

Plaintiff alleges the trial court erred in granting defendant's motion to set aside default judgment.

Section 473.5, subdivision (a) provides: "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a

---

[2] Section 583.210, subdivision (a) provides: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision, an action is commenced at the time the complaint is filed."

[3] Section 583.250, subdivision (a) provides that "[i]f service is not made in an action within the time prescribed," "[t]he action shall be dismissed by the court . . . on motion of any person."

3

notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered."

As indicated above, plaintiff filed a proof of service in the trial court, stating someone with defendant's name was served with the summons on April 19, 2017. Evidence Code section 647 creates a presumption affecting the burden of producing evidence of the facts stated in the registered process server's return. However, as the trial court noted, the presumption is rebuttable. (*Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795.) Here, the trial court found defendant's declaration filed in support of his motion to set aside the judgment overcame the presumption.

Plaintiff is proceeding in propria persona. His pleadings and papers should thus be liberally construed in order to assure he receives a hearing on the merits. (See *People v. Reyes* (1969) 273 Cal.App.2d 769, 770; *People v. Mitchell* (1962) 209 Cal.App.2d 312, 315.) But a party proceeding in propria persona is entitled "to no greater privilege or advantage than that given to one represented by counsel." (*Deauville v. Hall* (1961) 188 Cal.App.2d 535, 547.) Thus, although the court will liberally construe an appellant's pleadings and papers, it cannot excuse a failure of pleading or argument.

We will not address contentions that are (a) not presented under separate heading, (b) unsupported by authority, (c) undeveloped due to the absence of cogent legal argument, or (d) lacking coherent organization, as they are forfeited as improperly presented. (See Cal. Rules of Court, rule 8.204(a)(1)(B); *Consolidated Irrigation Dist. v. City of Selma* (2012) 204 Cal.App.4th 187, 201; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 181.)

Plaintiff raises multiple claims challenging the trial court's rulings, only some of which are cogent. First, plaintiff appears to contend the trial court erred in setting aside

4

default because defendant committed perjury when he declared he had never been served with any document in the case. It does not appear that plaintiff raised this contention prior to the trial court's ruling on the motion. In neither his written opposition to defendant's motion to set aside default, nor in the accompanying declaration, did plaintiff raise this argument. It appears plaintiff first raised this issue in his request for oral argument filed with the trial court on February 25, 2021, *after* the trial court had already ruled on the motion to set aside the default judgment.[4] In the trial court, as he does now on appeal, plaintiff's basis for challenging the motion to set aside default was that a motion to set aside was the improper procedure for seeking relief from the default judgment and that respondent was instead required to file a motion to quash service of summons. While we could find that plaintiff has forfeited this issue, we can easily conclude that the trial court did not abuse its discretion in crediting defendant's declaration.

It is the trial court's role to "assess credibility and resolve any conflicts in the evidence. Its findings . . . are entitled to great weight. Even though contrary findings *could* have been made, an appellate court should defer to the factual determinations made by the trial court when the evidence is in conflict," "whether the . . . ruling is based on oral testimony or declarations." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 479, fn. omitted.) We will not reweigh on appeal the trial court's assessment of defendant's

---

[4] At oral argument before this court, plaintiff claimed he attempted to present evidence of a grant deed to the property where he claims respondent was served. His attempt, however, appears to consist of trying to get counsel for respondent to agree that he could present the evidence. It does not appear he made such request before the trial court until he attached a copy of the grant deed to his request for oral argument filed on February 25, 2021. Nonetheless, even had the evidence been received, we cannot find that it would have supported plaintiff's claim that respondent committed perjury in declaring that he had never been served with the summons and complaint in this case.

declaration.  (*Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 622-623.)

With regards to plaintiff's contention the trial court erred in setting aside the default because defendant did not file a motion to quash service of summons with his motion to set aside default, plaintiff provides no authority that supports this proposition, (nor did he to the trial court) and we reject this contention.[5]

Plaintiff next contends the trial court erred in some unknown way because defendant's answer was not signed.  We will not address this argument raised for the first time on appeal.  (*Steele v. Totah* (1986) 180 Cal.App.3d 545, 551-552.)

Plaintiff also contends the trial court erred in granting the motion to set aside default because defendant's answer was untimely.  Yet plaintiff provides no analysis on this argument, nor does he point to any legal authority upon which he relies.  " 'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' "  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  To the extent plaintiff has failed to provide argument or reasoned analysis challenging the trial court's order granting the motion to set aside judgment due to an untimely filed answer, he has forfeited the issue on appeal.  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 [when a point is asserted without argument and authority for the proposition, an appellate court may deem it to be without foundation and need not discuss it].)

Plaintiff's next basis for the trial court's error in setting aside the default judgment is that defendant's argument before the trial court that he was not personally served with

---

[5]  Plaintiff cites section 418.10, subdivision (e)(3), which concerns motions regarding lack of jurisdiction or inconvenient forum, neither of which are applicable here.

a statement of damages per section 425.11, is "incorrect by law and facts." We need not address this contention, as the trial court's ruling did not rest on this argument.

Finally, plaintiff contends the trial court erred by not imposing monetary sanctions on defendant when it set aside default. This contention rests in part on plaintiff's assertion defendant committed perjury. But as we have already explained, we will not reweigh the trial court's assessment of defendant's declaration. Further, this contention invokes a statute that *permits* (and does not require) a trial court to impose sanctions in some cases when it grants relief from a default. (See § 473, subd. (c)(1)(A) ["Whenever the court grants relief from a default, default judgment, or dismissal based on any of the provisions of this section, the court *may*," inter alia, impose a penalty of no greater than one thousand dollars (italics added)].) Even assuming section 473, subdivision (c) is applicable here, defendant has not demonstrated the trial court abused its discretion in failing to impose monetary sanctions on defendant. Accordingly, we reject this contention.

## II

### *Motion to Dismiss*

Plaintiff appears to contend the trial court erred in granting the motion to dismiss because defendant never provided notice to plaintiff that the trial court had set aside default. Plaintiff provides no authority that supports this proposition, and we reject this contention.

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


            /s/
            EARL, J.



We concur:



      /s/
DUARTE, Acting P. J.



      /s/
KRAUSE, J.